FILED
JAMITA E. SWEARENGEN
MAR 12 2026
CIRCUIT COURT CLERK
BY ______ D.C.

IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE

**Keyera Ibrahim,**
Individually and as Parent and Next Friend of minor children D.I. (14) D.I. (8), D.I. (6), and D.I. (5),
Plaintiff,

v.

**LAKELAND SCHOOL DISTRICT,**
**LAKELAND BOARD OF EDUCATION, and**
**TED HORRELL, Superintendent,**
Defendants.

Case No.: CT-1185-26

Division: VI

---

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

**PARTIES**

1. Plaintiff Keyera Ibrahim. is the parent and legal guardian of the minor children named herein and a resident homeowner within Shelby County, TN (Lakeland, TN)

2. Defendant Lakeland School District is the public school district responsible for providing education to resident children within Lakeland, TN (Shelby County, TN)

3. Defendant Lakeland Board of Education is responsible for the policies and governance of the school district.

4. Defendant Ted Horrell is the Superintendent of Lakeland School System and acted under color of state law.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter pursuant to Tennessee law governing public education disputes and requests for injunctive relief.

6. Venue is proper because the events giving rise to this claim occurred within this county.

---



Exhibit A

## FACTUAL BACKGROUND

7. Plaintiff is the parent of four minor children: D.I. (14), D.I (8), D.I.(6), D.I.(5)
8. December 4, 2025, Plaintiff approached another parent in the school car rider line regarding ongoing bullying involving their children.
9. The other parent is employed as a teacher within Lakeland School System.
10. The parent alleged that Plaintiff made a threat during the conversation.
11. Law Enforcement investigation resulted in no findings nor charges.
12. . Dec. 10, 2025, Ted Horrell banned Plaintiff from school property until May 22, 2026.
13. Plaintiff raised concerns regarding bullying affecting her child. Ted Horrell failed to respond to allegations although documented with administrators since 10-04-2024.
14. Superintendent Ted Horrell warned Plaintiff that further mention of the situation could result in additional actions.
15. Two days later, Ted Horrell contacted Plaintiff and threatened arrest if Plaintiff attempted to drop off the children although failing to provide guidelines of ban.

---

**Residency Investigation**

16. Shortly after Plaintiff raised concerns regarding bullying, Defendants initiated a residency verification investigation concerning the minor children.
17. January 22, 2026, district employee Kathryn Pickens called to inform Plaintiff that a residency investigation had been conducted.
18. D.I. (5) who was 4 at time, told Plaintiff that Shelly White pulled him from class to ask him questions on where he lives and if his parents are together on dinosaur day.
19. Kathyn Pickens detailed to Plaintiff that their investigation determined multiple utility accounts found but no active account at Lakeland residence.
20. Kathryn Pickens repeatedly used words such as "their father" instead of "husband" after numerous corrections. in addition to informing Plaintiff that Principal Lockhart, LES signed off on Shelly White investigating claims including trespassing on Plaintiff's property.

21. Plaintiff has reported Shelly White to Principal Lockhart for what Plaintiff alleges as her questionable, unprofessional, and discriminatory behavior consistently displayed yearly.
22. Pickens informed Plaintiff that Shelly White came upon residence and determined home was vacant before conversation ended with no resolve.
23. February 5, 2026, 2:54pm Kathryn Pickens sent email at claiming Plaintiff's house is vacant and children would be removed if proof not submitted by February 11,2026.
24. The shortened deadline of 3 business days occurred immediately after Shelby County experienced closures and disruptions due to a severe winter storm, from January 24, 2026 – February 5,2026
25. February 12, 2026, Plaintiff contested that no information had changed since enrollment submission and requested proof for their determination which was not provided.
26. Minor children were withdrawn from school with Joretha Lockhart and Donita Carmichael in attendance at 2:05pm at district office.
27. February 12, 2026, 2:13pm Plaintiff requested immediate re-enrollment with residency forms in possession for submission but was denied by Angie Delloso.
28. Plaintiff sent email to Ted Horrell requesting meeting for re-enrollment at 2:16pm.
29. February 23, 2026, Ted Horrell completed an appeal without requesting any information forms, meetings, statements, or requests for documentation from Plaintiff.
30. Defendant, Ted Horrell stated in email that his investigation revealed Plaintiff establish residence in Bartlett, TN for Fall 2025.

---

**Proof of Residency**

31. Plaintiff and spouse reside at their primary residence is Lakeland, TN since 12/2021.
32. Plaintiff was denied submission of property deed, utility bill, property tax receipt, and an official MLGW proof of residency letter on 02/12/2026. Sent via email 02/20/26
33. 3 of 4 submissions are the same category of documents previously accepted by the district at the time of the children's initial enrollment in 2022 and subsequent enrollment each year thereafter.
34. Defendants have access to view utility accounts and documents are public record.

35. Removal continued despite Plaintiff's compliance with the district's policy requirements.
36. Plaintiff and husband own and manage other real estate properties and multi-use rental income properties explaining the additional utility accounts.
37. These properties do not change the family's primary residence within Lakeland. The children reside daily at their Lakeland residence with either parent (married).

---

**Educational Harm**

38. The children have missed critical academic instruction and services because of their removal.
39. The interruption is particularly harmful to D.I. (8) whose federally protected IEP services have been disrupted.
40. The removal also halted the IEP evaluation process underway for D.I. (6).
41. As a result of the sudden removal from school and disruption of their educational environment, the minor children have experienced emotional distress and instability.
42. The unexpected removal from their classes, friendships, and daily routine has caused the children confusion and emotional turmoil.
43. Plaintiff has arranged for the children to begin counseling services to help them cope with the emotional impact of their removal from school.
44. The counseling services were initiated specifically to address the stress and emotional disruption caused by Defendants' actions.
45. The costs associated with counseling, combined with the previously paid preschool tuition, additional cost of supplemental education and other educational support, have created significant financial strain on Plaintiff's household.
46. Plaintiff paid $1,500 in tuition in full for preschool services for D.I. (5).
47. Despite the tuition being paid in full, Defendants removed D.I. (5) from preschool.
48. The district has not reimbursed the preschool tuition paid by Plaintiff.
49. The actions of Defendants have therefore caused educational, emotional, and financial harm to Plaintiff and the minor children.

---

**REQUEST FOR RELIEF**

1. Order immediate re-enrollment of the minor children D.I. (8), D.I. (6), and D.I. (5).

2. Restore IEP services for D.I. (8)

3. Allow completion of special education evaluation for D.I (6).

4. Prevent further retaliation

5. Restrict school employees from communication of court case or topics with minor children.

6. Declare the school district's removal decision unlawful.

7. Grant any additional relief the Court deems proper.

Respectfully submitted,

*Dr. Keyera Ibrahim*
Plaintiff, Pro Se
4137 Loch Meade Dr
Lakeland, TN, 38002
901-451-1428
keyeraibrahim@yahoo.com

---

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND EXPEDITED INJUNCTION**

---

Plaintiff, Keyera Ibrahim individually and as parent and next friend of minor children D.I.(14), D.I.(8), D.I. (6), and D.I. (5), respectfully moves this Court pursuant to Tennessee Rule of Civil Procedure 65 for the issuance of an immediate Temporary Restraining Order and expedited injunctive relief against Defendants Lakeland School District, Lakeland Board of Education, and Superintendent Ted Horrell, and states as follows:

---

## II. FACTUAL BACKGROUND

1. Plaintiff is the parent and a legal guardian of minor children D.I. (8), D.I. (6), and D.I. (5).
2. The children were enrolled and attending school within the Lakeland School District in Shelby County, Tennessee.
3. Minor child D.I. (8) is a student receiving services through an Individualized Education Program (IEP) as required under federal law.
4. Minor child D.I. (6) was in the process of undergoing educational evaluation for potential IEP eligibility at the time of the events described herein.
5. Plaintiff raised concerns with school administration regarding bullying involving a child of a faculty member on December 4, 2025.
6. Following Plaintiff's complaint, Defendants initiated a residency verification challenge, asserting that the children did not reside within the district. On Jan 22, 2026, Kathryn Pickens, district employee called K.I to inform of non-residency claims.
7. Plaintiff provided documentation listed within the district's residency verification requirements: property deed, utility bill, property tax receipt, and utility proof-of-residency letter demonstrating residence within the district. Forms are the same as during enrollment yet rejected during the appeal.
8. Despite providing such documentation, Defendants failed to conduct appropriate due diligence regarding residency verification and withdrew minor children.
9. As a result of Defendants' actions, the children are currently unable to attend their school and participate in educational instruction, undergoing therapy, and sustained a financial loss of tuition paid for 2025-2026 for D.I (5) in the amount of $1500.
10. The removal has interrupted the educational services of a child with an IEP and halted the evaluation process for another child potentially eligible for special education services.

---

## III. IRREPARABLE HARM

12. The children are **missing critical instructional time** as a direct result of Defendants' actions.
13. Educational disruption at this stage will **cause lasting harm to the children's academic progress and emotional well-being,**
14. The harm is particularly severe for **minor child D.I. (8)** who relies on **specialized educational services and accommodations mandated under federal law.**

15. Children have experienced emotional distress significant enough to require counseling services.

16. Without immediate judicial intervention, the children will **continue to lose irreplaceable educational opportunities.**

---

## IV. VIOLATIONS OF FEDERAL LAW

17. The **Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1400 et seq.,** guarantees eligible students a **Free Appropriate Public Education (FAPE).**

18. Under IDEA, school districts must provide services to students with disabilities pursuant to their **Individualized Education Program.**

19. The abrupt removal of **D.I. (8)** from school effectively **terminates access to required special education services**, in violation of federal law.

20. Additionally, IDEA requires districts to **evaluate students suspected of having disabilities.**

21. The district's withdrawal of **D.I. (6)** during the evaluation process interferes with these federal obligations.

22. Federal law strongly protects **continuity of placement and services**, often referred to as the **"Stay-Put" Rule (20 U.S.C §1415)**, during disputes involving special education services.

---

## V. TENNESSEE LAW

23. Tennessee law guarantees children residing within a school district the **right to attend public schools within that district.**

24. Defendants' decision to withdraw the children **without adequate investigation and despite the submission of residency documentation** is arbitrary and capricious.

25. The district's actions further raise concerns of **retaliation following Plaintiff's complaint regarding bullying** and potential underlying issues.

---

## VI. GROUNDS FOR TEMPORARY RESTRAINING ORDER

Under Tennessee Rule of Civil Procedure 65, a Temporary Restraining Order is appropriate where:

- Immediate and irreparable injury will occur before a hearing can be held;
- The plaintiff is likely to succeed on the merits;
- The balance of harms favors the plaintiff; and
- The public interest supports relief.

All factors weigh heavily in favor of issuing immediate injunctive relief.

---

## VII. REQUEST FOR EXPEDITED RELIEF

Plaintiff respectfully moves the Court for a Temporary Restraining Order requiring the immediate reinstatement of the minor children into Lakeland School System.

1. Immediate issuance of a Temporary Restraining Order requiring Defendants to allow the minor children to immediately return to and attend their assigned school within the Lakeland School District.
2. An order requiring Defendants to restore all educational services for minor child D.I. (8) pursuant to the existing IEP.
3. An order requiring Defendants to resume and complete the evaluation process for minor child D.I. (6).
4. An expedited hearing for a preliminary injunction.
5. Restrict school employees from communication of court case with minor children.
6. Declare the school district's removal decision unlawful.
7. Any additional relief this Court deems just and proper.

---

Respectfully submitted,

*Dr. Keyera Ibrahim*
Plaintiff, Pro Se
4137 Loch Meade Dr
Lakeland, TN, 38002
901-451-1428
keyeraibrahim@yahoo.com

---

**SWORN AFFIDAVIT**

---

1. I am the parent of D.I. (14), D.I (8), D.I. (6), and D.I. (5).

2. My family owns and primarily resides in our home located within Lakeland city limits.

3. My children were enrolled in Lakeland schools for the 2025–2026 school year.

4. After reporting bullying involving a child of a school employee, the district initiated a residency investigation.

5. Despite providing proof of residency including deed, utility bills, tax receipt, and utility proof of residency letter, the district removed my children from school.

6. My husband and I own and manage multiple rental income properties, which explains additional utility accounts.

7. Bartlett, TN 38002 property is used as a multi-use income and rental property.

7. These properties do not change our primary residence.

8. My daughter with an IEP has been deprived of services since removal.

9. My other child was undergoing evaluation for education services under IEP.

10. The removal has severely disrupted my children's education.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Signed: ______________________________

Keyera Ibrahim

Date: ___________________

Subscribed and sworn before me this ___ day of ______, 2026.

Notary Public: ___________________

My Commission Expires: ______

---

**EXHIBITS**

---

**Exhibit A. Property Deed**

**Melvin Burgess**
**Assessor Of Property**
**Shelby County Government**

**Property Location and Owner Information**

| | |
|---|---|
| Parcel ID | L0150F A00019 |
| Property Address | 4137 LOCH MEADE DR |
| Municipal Jurisdiction | LAKELAND |
| Neighborhood Number | 00406A02 |
| Tax Map Page | 810 |
| Land Square Footage | 21388 |
| Acres | 0.491 |
| Lot Dimensions | .491AC108.51/110X205/189 |
| Subdivision Name | EAST SHORES PHASE I |
| Subdivision Lot Number | 20 |
| Plat Book and Page | 127-6 |
| Number of Improvements | 1 |
| Owner Name | IBRAHIM MOHAMMAD AND AHMAD IBRAHIM AND KEYERA MCCOY (RS) |
| Owner Mailing Address | 4137 LOCH MEADE |
| Owner City/State/Zip | ARLINGTON TN 38002 |

**Exhibit B. Utility Bill 1of 2**



**Exhibit B. Utility Bill 2 of 2**

MEMPHIS LIGHT, GAS AND WATER DIVISION
MLGW

Final

Page 1 of 2
UTILITY BILL
Date: February 5, 2026

For: AHMAD A. IBRAHIM

*NO PERSONAL CHECKS*

Amount Due: $ 478.00
Due Date: February 20, 2026

Services at: 4137 LOCH MEADE DR

Meter reader on site on January 22, 2026 at 12:53.

Account Number: 00086-3844-1233-656

| | Readings | | Usage | Amount | Total |
|---|---|---|---|---|---|
| **GAS** | | | | | |
| G-3 Residential Gas | 1/22/26<br>450 | 12/23/25<br>349 | 131 | 98.58 | |
| Includes Purchased Gas Adjustment of 0.1120000/ccf | | | | | 98.58 |
| **ELECTRIC** | | | | | |
| E-1 Residential Electric | 1/22/26<br>235496 | 12/23/25<br>234444 | 1052 | 146.43 | |
| Includes TVA Fuel Cost Adjustment of 0.0280300/kwh | | | | | 146.43 |
| **WATER** | | | | | |
| W-51 Residential Water | 1/22/26<br>1343 | 12/23/25<br>1331 | 12 | 44.71 | |
| 9.75% Sales Tax | | | | 4.36 | 49.07 |
| **OTHER MLGW** | | | | | |
| Share The Pennies (2025 Total Contributions $0.00) | | | | 0.58 | 0.58 |
| **OTHER MLGW** | | | | | |
| Connect Charge | | | | 42.00 | 42.00 |

**Service:**

| | |
|---|---|
| Days of Service | 102 |
| Average Utility Cost per Day | $ 3.02 |
| Average Temperature | 47 |
| Billing Cycle | 08 |
| Next Reading Date: | February 12, 2026 |

**Contact:**

| | |
|---|---|
| Non-MLGW | See back of bill |
| New Service Requests, Transfers, Disconnects, Trouble/Maintenance, Billing Inquiries, Payment Arrangements and Service Reconnects | 544-MLGW (6549) |

Hours: Monday – Friday 8AM – 6PM

My Account Access Code: 606098
Pay Online! www.mlgw.com
Pay By Phone! 1-866-315-0277

*Payment Arrangements Online at www.mlgw.com/payarrange*

PAYMENTS MUST BE RECEIVED BY 3:00 PM CENTRAL TIME TO POST SAME BUSINESS DAY.

* Your account is not eligible to be paid by personal Check.

Current charges are continued on the reverse side.

If paying in person, please present both portions of bill.

Please detach and return in the enclosed envelope with payment.

MEMPHIS LIGHT, GAS AND WATER DIVISION
MLGW

Final

Please be sure return address appears in the window of the envelope.
*DO NOT USE STAPLES OR PAPERCLIPS.*

LATE FEE ALLOWANCES: 0

Amount Due: **$ 478.00**
Due Date: **February 20, 2026**

If received later, amount due is $492.49
Account Number
00086-3844-1233-656

#BWNDHFL
#65907010590/0# B001 548026303 001538

AHMAD A. IBRAHIM
4137 LOCH MEADE DR
LAKELAND TN 38002-9367

Memphis Light Gas and Water Division
P.O. Box 388
Memphis, TN 38145-0388

000863844 1233656 0/20260220 0000001449 00000047800 8

**Exhibit C. Property Tax Receipt**

REGINA MORRISON NEWMAN, SHELBY COUNTY TRUSTEE
P.O. Box 2751
Memphis, TN 38101-2751
QUESTIONS? Call (901) 222 - [illegible]

| PARCEL # | TAXING AUTHORITY | NOTICE TYPE | DATE |
|---|---|---|---|
| [illegible] | LAKELAND | INTERNET RECEIPT | [illegible] AM |

| | | |
|---|---|---|
| [illegible] AND | LOT SIZE: | LOCATION: [illegible] |
| [illegible] AND | LOT NO: 39 | CLASSIFICATION: R |
| [illegible] | ACREAGE: 0.[illegible] | SUBDIVISION: EAST [illegible] |
| LAKELAND TN [illegible] | | [illegible] |

Property Tax Notice

| Date | Receipt # | Tax Yr | Bill # | Town | Base Tax | Int | Court | Atty | Misc | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| [illegible] | [illegible] | 2025 | [illegible] | L | [illegible] | [illegible] | $0.00 | $0.00 | $0.00 | [illegible] |

Total Paid: $[illegible]

Enter address change here:

Name: ______

Address: ______

City: ______ State: ______

Signature: ______
Changes require signature of all owners

| Year | Amt Paid |
|---|---|
| 2025 | $[illegible] |
| Total | $[illegible] |

Do not write below this line

ENTER AMOUNT PAID

Make checks payable to Shelby County Trustee.

REGINA MORRISON NEWMAN, TRUSTEE
P.O. Box 2751
Memphis, TN 38101-2751

**Exhibit D: MLGW Residency Verification Letter**

MEMPHIS LIGHT, GAS AND WATER DIVISION

Hometown Energy • MLGW • Working for You

Date: February 4, 2026

RE: Keyera Ibrahim **(Primary)**
4137 Loch Meade Dr
Lakeland, TN 38002
Acct#000937012-1233656

TO WHOM IT MAY CONCERN:

This letter is to confirm that the above reference address is in the name of **Keyera Ibrahim** as of December 5, 2022. Unfortunately, only one name can appear on the bill.

If you have any further questions, please contact me at 544-6549 between the hours of 8:30 a.m. and 5:00 p.m., Monday through Friday.

Cordially,

*Terri Anderson*
Terri Anderson
Credit Counselor

P. O. BOX 430 MEMPHIS, TENNESSEE 38101-0430 • TELEPHONE (901) 528-4011 mlgw.com

# Exhibit E: Individualized Education Program (IEP)

Lakeland School System
10001 US Hwy 70
Lakeland, TN 38002

**Individual Education Program (IEP)**

**From: 08/23/2025 To: 08/22/2026**
☑ Annual ☐ Amendment

## Student Information

**Student Name:** Demi Celine Ibrahim **Gender:** F **State ID:** 5334391

**Student ID:** 003003148 **Grade:** 02 **Hispanic Ethnicity:** No

**School:** Lakeland Elementary School **DOB:** 07/23/2017 **Race:** American Indian or Alaska Native, Black or African American

**District:**Lakeland School System

| | | | |
|---|---|---|---|
| Primary Disability:<br>Secondary Disability:<br>Tertiary Disability: | Speech Impairments | Re-evaluation of Eligibility Date: | 08/23/2028 |

**Medical Information Summary** none reported at this time

**Relation to Student:** Both Parents **Home Phone:** 901-451-1428
**Name:** Ahmad and Keyera Ibrahim
**Address:** 4137 Loch Meade Dr Lakeland, TN 38002

## Current Information and Consideration of Special Factors for IEP Development

Overview of student's current performance:
Demi's classroom teacher shared that Demi is hard working, friendly, helpful, and positive. She participates in classroom discussions by raising her hand to answer questions, enjoys small groups, and follows directions adequately.

Parent input and concerns:
Mom still wants her comprehension to be addressed and for her response to be streamlined.

Parent prevocational/postsecondary input and concerns:
Mom does some concerns about organization.

Description of the adverse impacts of the disability on the student:
Demi's speech impairment adversely impacts her ability to be understood when communicating with peers and adults, requiring specialized services and supports in order to access and make progress in the general education setting.

1. Does the student have limited English proficiency? No

1a. If yes, what is his/her primary mode of language?

2. Is the student blind or visually impaired? No

2a. Does the student need instruction in Braille?

3. Is the student deaf or hard of hearing? No

If yes, did the IEP Team consider:
3a. If the student is deaf or hard of hearing, did the IEP team consider the student's language and

communication needs?
3b. If the student is deaf or hard of hearing, did the IEP Team consider opportunities for direct communications with peers and professional personnel in the student's language and communication mode?
3c. If the student is deaf or hard of hearing, did the IEP Team consider necessary opportunities for direct instruction in the student's language and communication mode?

4. Does the student have a consistent, reliable, and effective mode of communication across all educational settings? Yes

If the student does not have a consistent, reliable, and effective mode of communication, the team should consider what assistive technology may be necessary for the student to respond and engage with their environment.

5. Is assistive technology necessary for the student to access and participate across all educational settings? (Consider AT needs across the domains of cognitive and academic, adaptive, communication, physical, and social-emotional). If yes, you must enter the AT device/equipment in the Add AT section within Supplementary Aids, Services and LRE. No

5a. Describe the AT considerations:

6. Does the student exhibit a pattern of behaviors that impede their learning or that of others? No

7. Does the student exhibit a pattern of behavior that places the student or others at risk of harm or injury? No

7a. If "Yes" to EITHER 6 or 7 OR BOTH 6 and 7, has the IEP team obtained parental consent to conduct FBA?

7b. If yes to 7a, IEP team has addressed the student's behavior by developing:

7c. Description of additional student supports:

8. Is postsecondary transition being considered for a student under the age of 13y 1d? No

## Present Levels of Academic Achievement and Functional Performance (PLAAFP)

Levels of functioning should, when applicable, include norm referenced and/or criterion referenced data, as well as descriptive information of the student's deficit areas.

**Assessment Area:** Pre-vocational **EXCEPTIONAL?** Yes

**Present Level of Performance:** The prevocational checklist was completed by Demi's teacher. Demi is below average in all 8 areas of classroom performance. She demonstrates average to outstanding performance in all other areas, with a note that the teacher has observed some tardiness and struggles with coin combinations.

Classroom performance: 0/8
Timing: 2/2
Behavior: 10/10
Personal Care: 2/2
Independent Living: 4/4
Cooperation: 3/3
Self help: 5/5

**Does the student's performance require specialized instruction?** Yes

**Impact of Mastery of Standards:** Demi's speech impairment adversely impacts her ability to master grade level standards as they relate to prevocational skills.

**Source(s) of Information:**
Prevocational Date Administered: 05/21/2025

| | |
|---|---|
| SubTest: Prevocational | Met Criterion/Did Not Meet Criterion: Did Not Meet Criterion |

**Assessment Area:** Speech/Language **EXCEPTIONAL?** Yes

**Present Level of Performance:** CELF-5: Demi performed in the average range on tasks on which she had to to point to a picture that matches the given sentence, complete a sentence with the targeted structure (such as past-tense, plural, possessive, etc.), understand relationships between words that share a variety of functional and conceptual relationships, follow oral directions of increasing length and complexity, formulate a sentence about a picture using target words or phrases, recall and reproduce sentences of varying length and complexity, and answer comprehension questions, given a short story read aloud by the examiner.

GFTA-3: In regard to speech sound production, Demi demonstrated a frontal lisp when producing /s/ and /z/ in all positions of words. Her verbal fluency and vocal quality were within functional limits, but an articulation/phonological error pattern problem was identified.

Demi is exceptional in the area of speech, not in language.

**Does the student's performance require specialized instruction?** Yes

**Impact of Mastery of Standards:** Demi's speech errors noted are inconsistent with those expected for her age, which would adversely impact her ability to communicate with others in the educational setting.

**Source(s) of Information:**

| | |
|---|---|
| Clinical Evaluation of Language Fundamentals- Fifth Edition (CELF-5)<br>SubTest: Core Language Score | Date Administered: 05/30/2025<br>Percentile Rank: 45<br>Standard Score: 98 |
| Clinical Evaluation of Language Fundamentals- Fifth Edition (CELF-5)<br>SubTest: Expressive Language Index | Date Administered: 05/30/2025<br>Percentile Rank: 34<br>Standard Score: 94 |
| Clinical Evaluation of Language Fundamentals- Fifth Edition (CELF-5)<br>SubTest: Language Content Index | Date Administered: 05/30/2025<br>Percentile Rank: 18<br>Standard Score: 86 |
| Clinical Evaluation of Language Fundamentals- Fifth Edition (CELF-5)<br>SubTest: Receptive Language Index | Date Administered: 05/30/2025<br>Percentile Rank: 50<br>Standard Score: 100 |
| Goldman-Fristoe Test of Articulation Third Edition (GFTA-3)<br>SubTest: Stimulability | Date Administered: 05/30/2025<br>Other: Demi was stimulable for /s/ at the time of the evaluation. |

## Measurable Annual Goals and Benchmarks/Short-term Instructional Objectives for IEP and Transition Activities

Reported progress on IEP goals and objectives must be provided to parents concurrent with the issuance of report cards.

**Area of Need:** Pre-vocational **Goal 1 of 2**
**Annual Goal:** Given a task from the teacher, Demi will initiate the task and complete it to 70% accuracy independently with no more than 2 redirections in 4 out of 5 opportunities across 3 consecutive school days as measured by teacher observation and data collection with progress reported every 9-week period.

**Area of Need:** Speech/Language **Goal 2 of 2**
**Annual Goal:** Given articulatory placement cues, Demi will correctly produce /s, z/ in the initial, medial, and final position of words, phrases, sentences and in conversation, with 80% accuracy over 3 consecutive therapy sessions, as measured

by biweekly therapist observation and data collection with progress reported every 9-week period.

## Statewide Assessments

Will the student be taking the general education assessment? Yes

## Supplementary Aids, Services, and Least Restrictive Environment

Support(s) or training needed by school personnel in order to support the student in their goal(s):

## Program Modifications and Accommodations

| Accommodation/Modification | Duration | Area(s) | Acad. | Non-Acad. | Testing | Accommodation or Modification |
|---|---|---|---|---|---|---|

## Special Education and Related Services

**Direct Special Education**

| Type of Service | Provider Title | Sessions Per | Time Per Session | Hours Per Week | Beginning - Ending Dates | Location of Services |
|---|---|---|---|---|---|---|
| Speech/Language | Speech Language Pathologist | 7 times/MON | 30 minutes | 0.883333333333333 | 06/23/2025 - 06/22/2026 | Special Ed Setting |

Support for Goal 1, Goal 2

**Total Special Ed Minutes by Date Range**

| Begin Date | End Date | Minutes per Week |
|---|---|---|
| 06/23/2025 | 06/22/2026 | 53 |

**Note: Service Dates apply during the normal school year, not ESY, unless specified.**

## LRE and General Education

1. Explain the extent, if any, in which the student will not participate with non-disabled peers in the regular class: Demi will not participate with non-disabled peers in the regular class for 30 min, 7 times a month when she is receiving speech therapy.

2. Explain the extent, if any, in which the student will not participate with non-disabled peers in extracurricular and nonacademic activities: Demi will participate with non-disabled peers in extracurricular and nonacademic activities as appropriate.

3. and/or, his/her LEA Home School: Demi attends Lakeland Elementary, which is her LEA Home School.

## Special Transportation

**The student does not require special transportation.**

## Extended School Year (ESY)

The IEP Team has determined that Extended School Year is not required.

Gmail G Ibr.
<gingerxpharm@gmail.com>

**Withdrawal Notice**

2 messages

**Kathryn Pickens** Thu, Feb 12, 2026 at <kpickens@lakelandk12.org> 8:00 AM

To: magic1cell@yahoo.com, G Ibrahim

<gingerxpharm@gmail.com>

Cc: Angie Delloso <adelloso@lakelandk12.org>, Joretha

Lockhart <jlockhart@lakelandk12.org>, Donita Carmichael

<dcarmichael@lakelandk12.org>

Good morning,

Following our conversation on Thursday, January 22, and my follow-up email on February 5, I am writing to provide the next steps regarding the enrollment status of Deizel (Preschool), Delilah (1st Grade), and Demi (3rd Grade) Ibrahim.

As previously discussed, the property at 4137 Loch Meade Drive has been reported as vacant, and current records indicate your family has relocated to 8903 Valley Creek Dr. in Arlington. I requested additional documentation to verify your residency within Lakeland city limits with a deadline of yesterday, February 11.

https://mail.google.com/mail/u...=msg-a:s:17661643151712426339 Page 1 of 3 Gmail - Withdrawal Notice 3/12/26, 9:13 AM

Since the requested information was not received, I must now move forward with the standard withdrawal process for students residing outside of the Lakeland School System attendance zone.

Please contact Ms. Carmichael, LES Attendance Secretary, to complete the necessary withdrawal paperwork no later than the close of business today, Thursday, February 12, 2026.

Please let me know if you have any questions or need additional clarification.

Best regards,

Kim Pickens

Director of Student Services

901-317-6011

Student Services Website

Gmail G Ibr. <gingerxpharm@gmail.com>

## Enrollment Re-Enrollment

7 messages

**G Ibr.** <gingerxpharm@gmail.com> Thu, Feb 12, 2026 at 2:16 PM
To: "thorrell@lakelandk12.org" <thorrell@lakelandk12.org>

Meeting needed regarding re-enrollment.

---

**G Ibr.** <gingerxpharm@gmail.com> Thu, Feb 12, 2026 at 2:17 PM
To: "thorrell@lakelandk12.org" <thorrell@lakelandk12.org>

Keyera Ibrahim
901-451-1428

On Thursday, February 12, 2026, G Ibr. <gingerxpharm@gmail.com> wrote:
> Meeting needed regarding re-enrollment.

---

**Ted Horrell** <thorrell@lakelandk12.org> Fri, Feb 13, 2026 at 7:58 AM
To: "G Ibr." <gingerxpharm@gmail.com>
Cc: Angela Delloso <adelloso@lakelandk12.org>

Ms. Ibrahim,

My understanding is that you wish to appeal the school and district's determination that your students do not reside in Lakeland. I have requested the investigation notes and will review them per your request. We have a day of professional learning today, so it will be early next week before I can review the notes and let you know my decision.

Thanks,

Dr. Ted Horrell

Superintendent

Lakeland School System

Phone: (901) 867-5412

Fax: (901) 867-2063

www.lakelandk12.org

LSS LAKELAND SCHOOL SYSTEM — Learn. Grow. Lead. —

[Quoted text hidden]

---

**Ted Horrell** <thorrell@lakelandk12.org> Wed, Feb 18, 2026 at 8:00 AM
To: "G Ibr." <gingerxpharm@gmail.com>
Cc: Angela Delloso <adelloso@lakelandk12.org>

Ms. Ibrahim,

I have reviewed all of the documentation used by school administrators and our Student Services department to make a determination regarding your family's residency. After reviewing the information myself, I am affirming the school's conclusion that your family's residence is no longer at 4137 Loch Meade Drive and that residency within the Lakeland School System attendance area has not been appropriately established. Therefore, your students are not currently eligible to enroll in Lakeland School System.

Dr. Ted Horrell

Superintendent

Lakeland School System

Phone: (901) 867-5412

Fax: (901) 867-2063

www.lakelandk12.org

LAKELAND SCHOOL SYSTEM
Learn. Grow. Lead.

[Quoted text hidden]

---

**G Ibr.** <gingerxpharm@gmail.com> Thu, Feb 19, 2026 at 4:38 PM
To: neal@gibsonperryman.com

[Quoted text hidden]

---

**G Ibr.** <gingerxpharm@gmail.com> Fri, Feb 20, 2026 at 6:11 AM
To: Ted Horrell <thorrell@lakelandk12.org>, Kathryn Pickens <kpickens@lakelandk12.org>, Donita Carmichael <dcarmichael@lakelandk12.org>, Joretha Lockhart <jlockhart@lakelandk12.org>
Cc: Angela Delloso <adelloso@lakelandk12.org>
Bcc: neal@gibsonperryman.com

Mr. Horrell,

Proofs of Residency
"Parents/guardians must provide TWO of the following items showing the parent/guardian's name and address to prove Lakeland residency:"

- Most recent MLGW or municipal water bill
- Mortgage statement or deed
- Real Estate tax receipt

I am requesting to enroll my children back into their public school system at Lakeland Elementary. Attached are the required documents.

Dr. Ibrahim

MLGW

Page 1 of 2

UTILITY BILL
Date: February 18, 2026

Amount Due: $ 812.00
Due Date: March 6, 2026

For: KEYERA C. IBRAHIM

Services at: 4137 LOCH MEADE DR

Meter reader on site on February 12, 2026 at 15:24.

Account Number: 00083-7012-1233-658

| | Readings | | Usage | Amount | Total |
|---|---|---|---|---|---|
| **GAS** | 2/17/26 | 1/22/26 | | | |
| G-3 Residential Gas | 738 | 480 | 258 | 301.84 | |
| Includes Purchased Gas Adjustment of 0.4160000/ccf | | | | | 301.84 |
| **ELECTRIC** | 2/12/26 | 1/22/26 | | | |
| E-1 Residential Electric | 236430 | 235496 | 934 | 128.24 | |
| Includes TVA Fuel Cost Adjustment of 0.0293100/kwh | | | | | 128.24 |
| **WATER** | 2/12/26 | 1/22/26 | | | |
| W-01 Residential Water | 1348 | 1343 | 6 | 25.24 | |
| Your current reading was estimated. | | | | | |
| 9.75% Sales Tax | | | | 2.46 | 27.70 |
| **OTHER MLGW** | | | | | |
| Share The Pennies (2025 Total Contributions $2.83) | | | | 0.41 | 0.41 |
| **OTHER MLGW** | | | | | |
| Smart Meter Connect Charge | | | | 95.21 | 95.21 |

Current charges are continued on the reverse side.

**Service:**

Days of Service: 21
Average Utility Cost per Day: $ 29.14
Average Temperature: 34
Billing Cycle: 06
Next Reading Date: March 13, 2026

**Contact:**

Non-MLGW: See back of bill.
New Service Requests, Transfers, Disconnects, Trouble/Maintenance, Billing Inquiries, Payment Arrangements and Service Requests: 544-MLGW (6549)
Hours: Monday - Friday 8AM - 5PM

My Account Access Code: 613663
Pay Online! www.mlgw.com
Pay By Phone! 1-866-315-0277
Payment Arrangements Online at www.mlgw.com/payarrange

PAYMENTS MUST BE RECEIVED BY 3:00 PM CENTRAL TIME TO POST SAME BUSINESS DAY.

If paying in person, please present both portions of bill.
Please detach and return in the enclosed envelope with payment.

MLGW

Please be sure return address appears in the window of the envelope.
*DO NOT USE STAPLES OR PAPERCLIPS.*

LATE FEE ALLOWANCES: 2

Amount Due: $ 812.00
Due Date: March 6, 2026

If received later, amount due is $834.77
Account Number
00083-7012-1233-658

79836600399000437168345931 8250
To use barcode, a fee of $1.95 applies. See reverse side for details.

#BWNDHFL
#03907829500/0# B001 549526518 000663

KEYERA C. IBRAHIM
4137 LOCH MEADE DR
LAKELAND TN 38002-8387

Memphis Light Gas and Water Division
P.O. Box 388
Memphis, TN 38145-0388

000837012 1233558 6020260306 0000002277 00000081200 9

MEMPHIS LIGHT, GAS AND WATER DIVISION
MLGW

Final

Page 1 of 2

UTILITY BILL
Date: February 5, 2026

For: AHMAD A. IBRAHIM

*NO PERSONAL CHECKS*

Services at: 4137 LOCH MEADE DR

Meter reader on site on January 22, 2026 at 12:53.

Amount Due: $ 478.00
Due Date: February 20, 2026

Account Number: 00086-3044-1233-656

| | Readings | | Usage | Amount | Total |
|---|---|---|---|---|---|
| **GAS** | | | | | |
| G-3 Residential Gas | 1/22/26 | 12/23/25 | | | |
| | 480 | 349 | 131 | 98.58 | |
| Includes Purchased Gas Adjustment of 0.1120000/ccf | | | | | 98.58 |
| **ELECTRIC** | | | | | |
| E-1 Residential Electric | 1/22/26 | 12/23/25 | | | |
| | 235496 | 234444 | 1052 | 146.43 | |
| Includes TVA Fuel Cost Adjustment of 0.0280300/kwh | | | | | 146.43 |
| **WATER** | | | | | |
| W-51 Residential Water | 1/22/26 | 12/23/25 | | | |
| | 1343 | 1331 | 12 | 44.71 | |
| 9.75% Sales Tax | | | | 4.36 | 49.07 |
| **OTHER MLGW** | | | | | |
| Share The Pennies (2026 Total Contributions $0.00) | | | | 0.58 | 0.58 |
| **OTHER MLGW** | | | | | |
| Connect Charge | | | | 42.00 | 42.00 |

**Service:**

| | |
|---|---|
| Days of Service | 132 |
| Average Utility Cost per Day | 3.362 |
| Average Temperature | 47 |
| Billing Cycle | 05 |
| Next Reading Date: | February 12, 2026 |

**Contact:**

| | |
|---|---|
| Non-MLGW | See back of bill |
| New Service Requests, Transfers, Disconnects, Trouble/Maintenance, Billing Inquiries, Payment Arrangements and Service Reconnects | 544-MLGW (6549) |

Hours: Monday – Friday 8AM – 6PM

My Account Access Code: 606096
Pay Online! www.mlgw.com
Pay By Phone! 1-866-315-0277

*Payment Arrangements Online at www.mlgw.com/payarrange*

PAYMENTS MUST BE RECEIVED BY 3:00 PM CENTRAL TIME TO POST SAME BUSINESS DAY

* Your account is not eligible to be paid by personal Check.

**Current charges are continued on the reverse side.**

If paying in person, please present both portions of bill.

Please detach and return in the enclosed envelope with payment.

MEMPHIS LIGHT, GAS AND WATER DIVISION
MLGW

Final

Please be sure return address appears in the window of the envelope.
*DO NOT USE STAPLES OR PAPERCLIPS.*

LATE FEE ALLOWANCES: 0

Amount Due: $ 478.00
Due Date: February 20, 2026

If received later, amount due is $492.49

Account Number
00086-3044-1233-656

#BWNDHFL
#65907010590/0# B001 548026303 001538

AHMAD A. IBRAHIM
4137 LOCH MEADE DR
LAKELAND TN 38002-9367

Memphis Light Gas and Water Division
P.O. Box 388
Memphis, TN 38145-0388

000863844 1233656 0/20260220 000001449 00000047800 8

REGINA MORRISON NEWMAN, SHELBY COUNTY TRUSTEE
P.O.Box 2751
Memphis, TN 38101-2751
QUESTIONS? Call (901) 222 - 0200

| PARCEL # | TAXING AUTHORITY | NOTICE TYPE | DATE |
|---|---|---|---|
| L0150P A00019 | LAKELAND | INTERNET RECEIPT | 02/19/2026 11:13 AM |

IBRAHIM MOHAMMAD AND
AHMAD IBRAHIM AND
4137 LOCH MEADE DR
LAKELAND TN 38002-9367

LOT SIZE:
LOT NO: 20
ACREAGE: 0.491

LOCATION: 4137 LOCH MEADE
CLASSIFICATION: R
SUBDIVISION: EAST SHORES PHASE I

**Property Tax Notice**

| Date | Receipt # | Tax Yr | Bill # | Town | Base Tax | Int | Court | Atty | Misc | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/19/2025 | 80133 | 2025 | 25403900 | L | $2,372.33 | $0.00 | $0.00 | $0.00 | $0.00 | $2,372.33 |

Total Paid: $2,372.33

---

**Enter address change here:**

Name: ______
Address: ______
City: ______ State: ______
Signature: ______
Changes require signatures of all owners

| Year | Amt Paid |
|---|---|
| 2025 | $2,372.33 |
| Total: | $2,372.33 |

Do not write below this line

| ENTER AMOUNT PAID |
|---|
| |

Make checks payable to Shelby County Trustee.

REGINA MORRISON NEWMAN, TRUSTEE
P.O.Box 2751
Memphis, TN 38101-2751

26


2:06
Lakeland
January 22 6:30 PM
HDR

2:07

**Lakeland**
January 22 6:30 PM




2:07
Lakeland
January 22 6:30 PM
HDR
00:17.84
01:17

2:07

**Lakeland**

January 22 6:30 PM




2:07
Lakeland
January 22 6:30 PM
HDR
00:47.45
00:48

BARTLETT INCOME PROPERTY: 8903 Valley Creek Dr 38002 photos below



< **Bartlett** •••
July 1, 2025 6:08 PM

LIVE



**Bartlett**
July 1, 2025 6:08 PM

LIVE







Today
11:47 AM

LIVE



August 10, 2025 8:53 PM



October 15, 2025 3:44 PM

LIVE




38

FILED
JAMITA E. SWEARENGEN
MAR 13 2026
CIRCUIT COURT CLERK
BY ________ D.C.

CT-1185-26 Div. VI

**SWORN AFFIDAVIT**

1. I am the parent of D.I. (14), D.I (8), D.I. (6), and D.I. (5).

2. My family owns and primarily resides in our home located within Lakeland city limits.

3. My children were enrolled in Lakeland schools for the 2025–2026 school year.

4. After reporting bullying involving a child of a school employee, the district initiated a residency investigation.

5. Despite providing proof of residency including deed, utility bills, tax receipt, and utility proof of residency letter, the district removed my children from school.

6. My husband and I own and manage multiple rental income properties, which explains additional utility accounts.

7. Bartlett, TN 38002 property is used as a multi-use income and rental property.

7. These properties do not change our primary residence.

8. My daughter with an IEP has been deprived of services since removal.

9. My other child was undergoing evaluation for education services under IEP.

10. The removal has severely disrupted my children's education.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Signed: [signature]

Keyera Ibrahim

Date: 3/12/2026

Subscribed and sworn before me this 12TH day of MARCH, 2026.

Notary Public: [signature]

My Commission Expires: 1/3/2028

KENYATTA MARTIN
STATE OF TENNESSEE
NOTARY PUBLIC
SHELBY COUNTY
My Commission Expires Jan. 3, 2028

FILED
JAMITA E. SWEARENGEN
MAR 13 2026
CIRCUIT COURT CLERK
BY ____________ D.C.

IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE

**Keyera Ibrahim,**
Individually and as Parent and Next Friend
of minor children D.I. (14) D.I. (8), D.I. (6),
and D.I. (5),
Plaintiff,

v.

**LAKELAND SCHOOL DISTRICT,**
**LAKELAND BOARD OF EDUCATION,**
**and**
**TED HORRELL, Superintendent,**
Defendants.

Case No.: CT-1185-26

Division: VI

---

**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

**Amended motion to include signed and notarized affidavit on page 10. Replacement of duplicate exhibit page 34 and addition of exhibit pages 36 -37.**

**PARTIES**

1. Plaintiff Keyera Ibrahim. is the parent and legal guardian of the minor children named herein and a resident homeowner within Shelby County, TN (Lakeland, TN)

2. Defendant Lakeland School District is the public school district responsible for providing education to resident children within Lakeland, TN (Shelby County, TN)

3. Defendant Lakeland Board of Education is responsible for the policies and governance of the school district.

4. Defendant Ted Horrell is the Superintendent of Lakeland School System and acted under color of state law.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter pursuant to Tennessee law governing public education disputes and requests for injunctive relief.

6. Venue is proper because the events giving rise to this claim occurred within this county.

---

## FACTUAL BACKGROUND

7. Plaintiff is the parent of four minor children: D.I. (14), D.I (8), D.I.(6), D.I.(5)
8. December 4, 2025, Plaintiff approached another parent in the school car rider line regarding ongoing bullying involving their children.
9. The other parent is employed as a teacher within Lakeland School System.
10. The parent alleged that Plaintiff made a threat during the conversation.
11. Law Enforcement investigation resulted in no findings nor charges.
12. . Dec. 10, 2025, Ted Horrell banned Plaintiff from school property until May 22, 2026.
13. Plaintiff raised concerns regarding bullying affecting her child. Ted Horrell failed to respond to allegations although documented with administrators since 10-04-2024.
14. Superintendent Ted Horrell warned Plaintiff that further mention of the situation could result in additional actions.
15. Two days later, Ted Horrell contacted Plaintiff and threatened arrest if Plaintiff attempted to drop off the children although failing to provide guidelines of ban.

---

## Residency Investigation

16. Shortly after Plaintiff raised concerns regarding bullying, Defendants initiated a residency verification investigation concerning the minor children.
17. January 22, 2026, district employee Kathryn Pickens called to inform Plaintiff that a residency investigation had been conducted.
18. D.I. (5) who was 4 at time, told Plaintiff that Shelly White pulled him from class to ask him questions on where he lives and if his parents are together on dinosaur day.
19. Kathyn Pickens detailed to Plaintiff that their investigation determined multiple utility accounts found but no active account at Lakeland residence.
20. Kathryn Pickens repeatedly used words such as "their father" instead of "husband" after numerous corrections. in addition to informing Plaintiff that Principal Lockhart, LES signed off on Shelly White investigating claims including trespassing on Plaintiff's property.

21. Plaintiff has reported Shelly White to Principal Lockhart for what Plaintiff alleges as her questionable, unprofessional, and discriminatory behavior consistently displayed yearly.
22. Pickens informed Plaintiff that Shelly White came upon residence and determined home was vacant before conversation ended with no resolve.
23. February 5, 2026, 2:54pm Kathryn Pickens sent email at claiming Plaintiff's house is vacant and children would be removed if proof not submitted by February 11,2026.
24. The shortened deadline of 3 business days occurred immediately after Shelby County experienced closures and disruptions due to a severe winter storm, from January 24, 2026 – February 5,2026
25. February 12, 2026, Plaintiff contested that no information had changed since enrollment submission and requested proof for their determination which was not provided.
26. Minor children were withdrawn from school with Joretha Lockhart and Donita Carmichael in attendance at 2:05pm at district office.
27. February 12, 2026, 2:13pm Plaintiff requested immediate re-enrollment with residency forms in possession for submission but was denied by Angie Delloso.
28. Plaintiff sent email to Ted Horrell requesting meeting for re-enrollment at 2:16pm.
29. February 23, 2026, Ted Horrell completed an appeal without requesting any information forms, meetings, statements, or requests for documentation from Plaintiff.
30. Defendant, Ted Horrell stated in email that his investigation revealed Plaintiff establish residence in Bartlett, TN for Fall 2025.

---

**Proof of Residency**

31. Plaintiff and spouse reside at their primary residence is Lakeland, TN since 12/2021.
32. Plaintiff was denied submission of property deed, utility bill, property tax receipt, and an official MLGW proof of residency letter on 02/12/2026. Sent via email 02/20/26
33. 3 of 4 submissions are the same category of documents previously accepted by the district at the time of the children's initial enrollment in 2022 and subsequent enrollment each year thereafter.
34. Defendants have access to view utility accounts and documents are public record.

35. Removal continued despite Plaintiff's compliance with the district's policy requirements.
36. Plaintiff and husband own and manage other real estate properties and multi-use rental income properties explaining the additional utility accounts.
37. These properties do not change the family's primary residence within Lakeland. The children reside daily at their Lakeland residence with either parent (married).

---

**Educational Harm**

38. The children have missed critical academic instruction and services because of their removal.
39. The interruption is particularly harmful to D.I. (8) whose federally protected IEP services have been disrupted.
40. The removal also halted the IEP evaluation process underway for D.I. (6).
41. As a result of the sudden removal from school and disruption of their educational environment, the minor children have experienced emotional distress and instability.
42. The unexpected removal from their classes, friendships, and daily routine has caused the children confusion and emotional turmoil.
43. Plaintiff has arranged for the children to begin counseling services to help them cope with the emotional impact of their removal from school.
44. The counseling services were initiated specifically to address the stress and emotional disruption caused by Defendants' actions.
45. The costs associated with counseling, combined with the previously paid preschool tuition, additional cost of supplemental education and other educational support, have created significant financial strain on Plaintiff's household.
46. Plaintiff paid $1,500 in tuition in full for preschool services for D.I. (5).
47. Despite the tuition being paid in full, Defendants removed D.I. (5) from preschool.
48. The district has not reimbursed the preschool tuition paid by Plaintiff.
49. The actions of Defendants have therefore caused educational, emotional, and financial harm to Plaintiff and the minor children.

## REQUEST FOR RELIEF

1. Order immediate re-enrollment of the minor children D.I. (8), D.I. (6), and D.I. (5).

2. Restore IEP services for D.I. (8)

3. Allow completion of special education evaluation for D.I (6).

4. Prevent further retaliation

5. Restrict school employees from communication of court case or topics with minor children.

6. Declare the school district's removal decision unlawful.

7. Grant any additional relief the Court deems proper.

Respectfully submitted,

*Dr. Keyera Ibrahim*
Plaintiff, Pro Se
4137 Loch Meade Dr
Lakeland, TN, 38002
901-451-1428
keyeraibrahim@yahoo.com

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND EXPEDITED INJUNCTION

Plaintiff, Keyera Ibrahim individually and as parent and next friend of minor children D.I.(14), D.I.(8), D.I. (6), and D.I. (5), respectfully moves this Court pursuant to Tennessee Rule of Civil Procedure 65 for the issuance of an immediate Temporary Restraining Order and expedited injunctive relief against Defendants Lakeland School District, Lakeland Board of Education, and Superintendent Ted Horrell, and states as follows:

## II. FACTUAL BACKGROUND

1. Plaintiff is the parent and a legal guardian of minor children D.I. (8), D.I. (6), and D.I. (5).
2. The children were enrolled and attending school within the Lakeland School District in Shelby County, Tennessee.
3. Minor child D.I. (8) is a student receiving services through an Individualized Education Program (IEP) as required under federal law.
4. Minor child D.I. (6) was in the process of undergoing educational evaluation for potential IEP eligibility at the time of the events described herein.
5. Plaintiff raised concerns with school administration regarding bullying involving a child of a faculty member on December 4, 2025.
6. Following Plaintiff's complaint, Defendants initiated a residency verification challenge, asserting that the children did not reside within the district. On Jan 22, 2026, Kathryn Pickens, district employee called K.I to inform of non-residency claims.
7. Plaintiff provided documentation listed within the district's residency verification requirements: property deed, utility bill, property tax receipt, and utility proof-of-residency letter demonstrating residence within the district. Forms are the same as during enrollment yet rejected during the appeal.
8. Despite providing such documentation, Defendants failed to conduct appropriate due diligence regarding residency verification and withdrew minor children.
9. As a result of Defendants' actions, the children are currently unable to attend their school and participate in educational instruction, undergoing therapy, and sustained a financial loss of tuition paid for 2025-2026 for D.I (5) in the amount of $1500.
10. The removal has interrupted the educational services of a child with an IEP and halted the evaluation process for another child potentially eligible for special education services.

---

## III. IRREPARABLE HARM

12. The children are **missing critical instructional time** as a direct result of Defendants' actions.
13. Educational disruption at this stage will **cause lasting harm to the children's academic progress and emotional well-being.**
14. The harm is particularly severe for **minor child D.I. (8)** who relies on **specialized educational services and accommodations mandated under federal law.**

15. Children have experienced emotional distress significant enough to require counseling services.

16. Without immediate judicial intervention, the children will **continue to lose irreplaceable educational opportunities**.

---

## IV. VIOLATIONS OF FEDERAL LAW

17. The **Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1400 et seq.**, guarantees eligible students a **Free Appropriate Public Education (FAPE)**.

18. Under IDEA, school districts must provide services to students with disabilities pursuant to their **Individualized Education Program**.

19. The abrupt removal of **D.I. (8)** from school effectively **terminates access to required special education services**, in violation of federal law.

20. Additionally, IDEA requires districts to **evaluate students suspected of having disabilities**.

21. The district's withdrawal of **D.I. (6)** during the evaluation process interferes with these federal obligations.

22. Federal law strongly protects **continuity of placement and services**, often referred to as the **"Stay-Put" Rule (20 U.S.C §1415)**, during disputes involving special education services.

---

## V. TENNESSEE LAW

23. Tennessee law guarantees children residing within a school district the **right to attend public schools within that district**.

24. Defendants' decision to withdraw the children **without adequate investigation and despite the submission of residency documentation** is arbitrary and capricious.

25. The district's actions further raise concerns of **retaliation following Plaintiff's complaint regarding bullying** and potential underlying issues.

---

## VI. GROUNDS FOR TEMPORARY RESTRAINING ORDER

Under Tennessee Rule of Civil Procedure 65, a Temporary Restraining Order is appropriate where:

- Immediate and irreparable injury will occur before a hearing can be held;
- The plaintiff is likely to succeed on the merits;
- The balance of harms favors the plaintiff; and
- The public interest supports relief.

All factors weigh heavily in favor of issuing immediate injunctive relief.

---

## VII. REQUEST FOR EXPEDITED RELIEF

Plaintiff respectfully moves the Court for a Temporary Restraining Order requiring the immediate reinstatement of the minor children into Lakeland School System.

1. Immediate issuance of a Temporary Restraining Order requiring Defendants to allow the minor children to immediately return to and attend their assigned school within the Lakeland School District.
2. An order requiring Defendants to restore all educational services for minor child D.I. (8) pursuant to the existing IEP.
3. An order requiring Defendants to resume and complete the evaluation process for minor child D.I. (6).
4. An expedited hearing for a preliminary injunction.
5. Restrict school employees from communication of court case with minor children.
6. Declare the school district's removal decision unlawful.
7. Any additional relief this Court deems just and proper.

---

Respectfully submitted,

*Dr. Keyera Ibrahim*
Plaintiff, Pro Se
4137 Loch Meade Dr
Lakeland, TN, 38002
901-451-1428
keyeraibrahim@yahoo.com

FILED
JAMITA E. SWEARENGEN
MAR 13 2026
CIRCUIT COURT CLERK
BY________________D.C.

**SWORN AFFIDAVIT**

1. I am the parent of D.I. (14), D.I (8), D.I. (6), and D.I. (5).

2. My family owns and primarily resides in our home located within Lakeland city limits.

3. My children were enrolled in Lakeland schools for the 2025–2026 school year.

4. After reporting bullying involving a child of a school employee, the district initiated a residency investigation.

5. Despite providing proof of residency including deed, utility bills, tax receipt, and utility proof of residency letter, the district removed my children from school.

6. My husband and I own and manage multiple rental income properties, which explains additional utility accounts.

7. Bartlett, TN 38002 property is used as a multi-use income and rental property.

7. These properties do not change our primary residence.

8. My daughter with an IEP has been deprived of services since removal.

9. My other child was undergoing evaluation for education services under IEP.

10. The removal has severely disrupted my children's education.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Signed: [signature]

Keyera Ibrahim

Date: 3/12/2026

Subscribed and sworn before me this 12TH day of MARCH, 2026.

Notary Public: [signature]

My Commission Expires: 1/3/2028

KENYATTA MARTIN
STATE OF TENNESSEE NOTARY PUBLIC
SHELBY COUNTY
My Commission Expires Jan. 3, 2028

## EXHIBITS

### Exhibit A. Property Deed

**Melvin Burgess**
**Assessor Of Property**
**Shelby County Government**

**Property Location and Owner Information**

| | |
|---|---|
| Parcel ID | L0150F A00019 |
| Property Address | 4137 LOCH MEADE DR |
| Municipal Jurisdiction | LAKELAND |
| Neighborhood Number | 00406A02 |
| Tax Map Page | 81O |
| Land Square Footage | 21388 |
| Acres | 0.491 |
| Lot Dimensions | .491AC108.51/110X205/189 |
| Subdivision Name | EAST SHORES PHASE I |
| Subdivision Lot Number | 20 |
| Plat Book and Page | 127-6 |
| Number of Improvements | 1 |
| Owner Name | IBRAHIM MOHAMMAD AND AHMAD IBRAHIM AND KEYERA MCCOY (RS) |
| Owner Mailing Address | 4137 LOCH MEADE |
| Owner City/State/Zip | ARLINGTON TN 38002 |

**Exhibit B. Utility Bill 1of 2**

MLGW

UTILITY BILL

Amount Due: [illegible]
Due Date: March 6, 2026

For: [illegible]

Account Number: [illegible]

Service:

Contact:

GAS

ELECTRIC

WATER

OTHER MLGW

OTHER MLGW

DO NOT USE STAPLES OR PAPERCLIPS

LATE FEE ALLOWANCES: [illegible]

MLGW

Amount Due: $ 612.00
Due Date: March 6, 2026

Account Number

Memphis Light Gas and Water Division
P.O. Box [illegible]

Memphis, TN [illegible]

## Exhibit B. Utility Bill 2 of 2

MEMPHIS LIGHT, GAS AND WATER DIVISION
MLGW

Final

Page 1 of 2

UTILITY BILL
Date: February 5, 2026

For: AHMAD A. IBRAHIM

*NO PERSONAL CHECKS*

Amount Due: $ 478.00
Due Date: February 20, 2026

Services at: 4137 LOCH MEADE DR

Meter reader on site on January 22, 2026 at 12:53.

Account Number: 00086-3844-1233-656

| | Readings | | Usage | Amount | Total |
|---|---|---|---|---|---|
| GAS | 1/22/26 | 12/23/25 | | | |
| G-3 Residential Gas | 480 | 349 | 131 | 98.58 | |
| includes Purchased Gas Adjustment of 0.1120000/ccf | | | | | 98.58 |
| ELECTRIC | 1/22/26 | 12/23/25 | | | |
| E-1 Residential Electric | 235486 | 234444 | 1052 | 146.43 | |
| includes TVA Fuel Cost Adjustment of 0.0280300/kwh | | | | | 146.43 |
| WATER | 1/22/26 | 12/23/25 | | | |
| W-51 Residential Water | 1343 | 1331 | 12 | 44.71 | |
| 9.75% Sales Tax | | | | 4.36 | 49.07 |
| OTHER MLGW | | | | | |
| Share The Pennies (2025 Total Contributions $0.00) | | | | 0.58 | 0.58 |
| OTHER MLGW | | | | | |
| Connect Charge | | | | 42.00 | 42.00 |

**Service:**

| | |
|---|---|
| Days of Service | 132 |
| Average Utility Cost per Day: | $3.62 |
| Average Temperature: | 47 |
| Billing Cycle: | 08 |
| Next Reading Date: | February 12, 2026 |

**Contact:**

| | |
|---|---|
| Non-MLGW | See back of bill |
| New Service Requests, Transfers, Disconnects, Trouble/Maintenance, Billing Inquiries, Payment Arrangements and Service Reconnects | 544-MLGW (6549) |

Hours: Monday – Friday 8AM – 6PM

My Account Access Code: 606098
Pay Online! www.mlgw.com
Pay By Phone! 1-866-315-0277

*Payment Arrangements Online at www.mlgw.com/payarrange*

PAYMENTS MUST BE RECEIVED BY 3:00 PM CENTRAL TIME TO POST SAME BUSINESS DAY

* Your account is not eligible to be paid by personal Check.

**Current charges are continued on the reverse side.**

If paying in person, please present both portions of bill.

Please detach and return in the enclosed envelope with payment.

MEMPHIS LIGHT, GAS AND WATER DIVISION
MLGW

Final

Please be sure return address appears in the window of the envelope.
*DO NOT USE STAPLES OR PAPERCLIPS.*

LATE FEE ALLOWANCES: 0

P

Amount Due: $ 478.00
Due Date: February 20, 2026

If received later, amount due is $492.49
Account Number
00086-3844-1233-656

#BWNDHFL
#65907010590/0# B001 548026303 001538

AHMAD A. IBRAHIM
4137 LOCH MEADE DR
LAKELAND TN 38002-9367

Memphis Light Gas and Water Division
P.O. Box 388

Memphis, TN 38145-0388

000863844 1233656 0/20260220 0000001449 000000047800 8

# Exhibit C. Property Tax Receipt

**REGINA MORRISON NEWMAN, SHELBY COUNTY TRUSTEE**
**P.O.Box 2751**
**Memphis, TN 38101-2751**
**QUESTIONS? Call (901) 222 - 0200**

| PARCEL # | TAXING AUTHORITY | NOTICE TYPE | DATE |
|---|---|---|---|
| [illegible] | LAKELAND | INTERNET RECEIPT | 02/19/2026 11:13 AM |

| | | |
|---|---|---|
| IBRAHIM MOHAMMAD AND | LOT SIZE: | LOCATION: 4137 LOCH MEADE |
| AHMAD IBRAHIM AND | LOT NO: 29 | CLASSIFICATION: R |
| 4137 LOCH MEADE DR | ACREAGE: 0.490 | SUBDIVISION: EAST SHORES PHASE |
| LAKELAND TN 38002-[illegible] | | I |

**Property Tax Notice**

| Date | Receipt # | Tax Yr | Bill # | Town | Base Tax | Int | Court | Atty | Misc | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/18/2025 | 40133 | 2025 | [illegible] | L | $2,372.33 | $0.00 | $0.00 | $0.00 | $0.00 | $2,372.33 |

**Total Paid: $2,372.33**

---

**Enter address change here:**

Name: ______________________

Address: ______________________

City: ____________ State: ________

Signature: ______________________

Changes require signatures of all owners

| Year | Amt Paid |
|---|---|
| 2025 | $2,372.33 |
| Total: | $2,372.33 |

Do not write below this line

**ENTER AMOUNT PAID**

Make checks payable to Shelby County Trustee

**REGINA MORRISON NEWMAN, TRUSTEE**
**P.O.Box 2751**
**Memphis, TN 38101-2751**

**Exhibit D: MLGW Residency Verification Letter**

MEMPHIS LIGHT, GAS AND WATER DIVISION

Hometown Energy • MLGW • Working for You

Date: February 4, 2026

RE: Keyera Ibrahim **(Primary)**
4137 Loch Meade Dr
Lakeland, TN 38002
Acct#000937012-1233656

TO WHOM IT MAY CONCERN:

This letter is to confirm that the above reference address is in the name of **Keyera Ibrahim** as of December 5, 2022. Unfortunately, only one name can appear on the bill.

If you have any further questions, please contact me at 544-6549 between the hours of 8:30 a.m. and 5:00 p.m., Monday through Friday.

Cordially,

Terri Anderson
Credit Counselor

P. O. BOX 430 MEMPHIS, TENNESSEE 38101-0430 TELEPHONE (901) 528-4011 mlgw.com

# Exhibit E: Individualized Education Program (IEP)

Lakeland School System
10001 US Hwy 70
Lakeland, TN 38002

**Individual Education Program (IEP)**

From: 06/23/2025 To: 06/22/2026
■ Annual ☐ Amendment

## Student Information

**Student Name:** Demi Celine Ibrahim **Gender:** F **State ID:** 5334391

**Student ID:** 003003146 **Grade:** 02 **Hispanic Ethnicity:** No

**School:** Lakeland Elementary School **DOB:** 07/23/2017 **Race:** American Indian or Alaska Native, Black or African American

**District:**Lakeland School System

| | | | |
|---|---|---|---|
| Primary Disability:<br>Secondary Disability:<br>Tertiary Disability: | Speech Impairments | Re-evaluation of Eligibility Date: | 06/23/2028 |

**Medical Information Summary** none reported at this time

**Relation to Student:** Both Parents
**Name:** Ahmad and Keyera Ibrahim
**Address:** 4137 Loch Meade Dr Lakeland, TN 38002

**Home Phone:** 901-451-1428

## Current Information and Consideration of Special Factors for IEP Development

Overview of student's current performance:
Demi's classroom teacher shared that Demi is hard working, friendly, helpful, and positive. She participates in classroom discussions by raising her hand to answer questions, enjoys small groups, and follows directions adequately.

Parent input and concerns:
Mom still wants her comprehension to be addressed and for her response to be streamlined.

Parent prevocational/postsecondary input and concerns:
Mom does some concerns about organization.

Description of the adverse impacts of the disability on the student:
Demi's speech impairment adversely impacts her ability to be understood when communicating with peers and adults, requiring specialized services and supports in order to access and make progress in the general education setting.

1. Does the student have limited English proficiency? No

1a. If yes, what is his/her primary mode of language?

2. Is the student blind or visually impaired? No

2a. Does the student need instruction in Braille?

3. Is the student deaf or hard of hearing? No

If yes, did the IEP Team consider:
3a. If the student is deaf or hard of hearing, did the IEP team consider the student's language and

communication needs?
3b. If the student is deaf or hard of hearing, did the IEP Team consider opportunities for direct communications with peers and professional personnel in the student's language and communication mode?
3c. If the student is deaf or hard of hearing, did the IEP Team consider necessary opportunities for direct instruction in the student's language and communication mode?

4. Does the student have a consistent, reliable, and effective mode of communication across all educational settings? Yes

If the student does not have a consistent, reliable, and effective mode of communication, the team should consider what assistive technology may be necessary for the student to respond and engage with their environment.

5. Is assistive technology necessary for the student to access and participate across all educational settings? (Consider AT needs across the domains of cognitive and academic, adaptive, communication, physical, and social-emotional). If yes, you must enter the AT device/equipment in the Add AT section within Supplementary Aids, Services and LRE. No

5a. Describe the AT considerations:

6. Does the student exhibit a pattern of behaviors that impede their learning or that of others? No

7. Does the student exhibit a pattern of behavior that places the student or others at risk of harm or injury? No

7a. If "Yes" to EITHER 6 or 7 OR BOTH 6 and 7, has the IEP team obtained parental consent to conduct FBA?

7b. If yes to 7a, IEP team has addressed the student's behavior by developing:

7c. Description of additional student supports:

8. Is postsecondary transition being considered for a student under the age of 13y 1d? No

## Present Levels of Academic Achievement and Functional Performance (PLAAFP)

Levels of functioning should, when applicable, include norm referenced and/or criterion referenced data, as well as descriptive information of the student's deficit areas.

**Assessment Area:** Pre-vocational **EXCEPTIONAL?** Yes

**Present Level of Performance:** The prevocational checklist was completed by Demi's teacher. Demi is below average in all 8 areas of classroom performance. She demonstrates average to outstanding performance in all other areas, with a note that the teacher has observed some tardiness and struggles with coin combinations.

Classroom performance: 0/8
Timing: 2/2
Behavior: 10/10
Personal Care: 2/2
Independent Living: 4/4
Cooperation: 3/3
Self help: 5/5

**Does the student's performance require specialized instruction?** Yes

**Impact of Mastery of Standards:** Demi's speech impairment adversely impacts her ability to master grade level standards as they relate to prevocational skills.

**Source(s) of Information:**
Prevocational Date Administered: 05/21/2025

| | |
|---|---|
| SubTest: Prevocational | Met Criterion/Did Not Meet Criterion: Did Not Meet Criterion |

**Assessment Area:** Speech/Language **EXCEPTIONAL?** Yes

**Present Level of Performance:** CELF-5: Demi performed in the average range on tasks on which she had to to point to a picture that matches the given sentence, complete a sentence with the targeted structure (such as past-tense, plural, possessive, etc.), understand relationships between words that share a variety of functional and conceptual relationships, follow oral directions of increasing length and complexity, formulate a sentence about a picture using target words or phrases, recall and reproduce sentences of varying length and complexity, and answer comprehension questions, given a short story read aloud by the examiner.

GFTA-3: In regard to speech sound production, Demi demonstrated a frontal lisp when producing /s/ and /z/ in all positions of words. Her verbal fluency and vocal quality were within functional limits, but an articulation/phonological error pattern problem was identified.

Demi is exceptional in the area of speech, not in language.

**Does the student's performance require specialized instruction?** Yes

**Impact of Mastery of Standards:** Demi's speech errors noted are inconsistent with those expected for her age, which would adversely impact her ability to communicate with others in the educational setting.

**Source(s) of Information:**

| | |
|---|---|
| Clinical Evaluation of Language Fundamentals- Fifth Edition (CELF-5)<br>SubTest: Core Language Score | Date Administered: 05/30/2025<br>Percentile Rank: 45<br>Standard Score: 98 |
| Clinical Evaluation of Language Fundamentals- Fifth Edition (CELF-5)<br>SubTest: Expressive Language Index | Date Administered: 05/30/2025<br>Percentile Rank: 34<br>Standard Score: 94 |
| Clinical Evaluation of Language Fundamentals- Fifth Edition (CELF-5)<br>SubTest: Language Content Index | Date Administered: 05/30/2025<br>Percentile Rank: 18<br>Standard Score: 86 |
| Clinical Evaluation of Language Fundamentals- Fifth Edition (CELF-5)<br>SubTest: Receptive Language Index | Date Administered: 05/30/2025<br>Percentile Rank: 50<br>Standard Score: 100 |
| Goldman-Fristoe Test of Articulation Third Edition (GFTA-3)<br>SubTest: Stimulability | Date Administered: 05/30/2025<br>Other: Demi was stimulable for /s/ at the time of the evaluation. |

## Measurable Annual Goals and Benchmarks/Short-term Instructional Objectives for IEP and Transition Activities

Reported progress on IEP goals and objectives must be provided to parents concurrent with the issuance of report cards.

**Goal 1 of 2**
**Area of Need:** Pre-vocational
**Annual Goal:** Given a task from the teacher, Demi will initiate the task and complete it to 70% accuracy independently with no more than 2 redirections in 4 out of 5 opportunities across 3 consecutive school days as measured by teacher observation and data collection with progress reported every 9-week period.

**Goal 2 of 2**
**Area of Need:** Speech/Language
**Annual Goal:** Given articulatory placement cues, Demi will correctly produce /s, z/ in the initial, medial, and final position of words, phrases, sentences and in conversation, with 80% accuracy over 3 consecutive therapy sessions, as measured

by biweekly therapist observation and data collection with progress reported every 9-week period.

## Statewide Assessments

**Will the student be taking the general education assessment? Yes**

## Supplementary Aids, Services, and Least Restrictive Environment

**Support(s) or training needed by school personnel in order to support the student in their goal(s):**

## Program Modifications and Accommodations

| Accommodation/Modification | Duration | Area(s) | Acad. | Non-Acad. | Testing | Accommodation or Modification |
|---|---|---|---|---|---|---|

## Special Education and Related Services

**Direct Special Education**

| Type of Service | Provider Title | Sessions Per | Time Per Session | Hours Per Week | Beginning - Ending Dates | Location of Services |
|---|---|---|---|---|---|---|
| Speech/Language | Speech Language Pathologist | 7 times/MON | 30 minutes | 0.883333333333333 | 06/23/2025 - 06/22/2026 | Special Ed Setting |

Support for Goal 1, Goal 2

**Total Special Ed Minutes by Date Range**

| Begin Date | End Date | Minutes per Week |
|---|---|---|
| 06/23/2025 | 06/22/2026 | 53 |

**Note: Service Dates apply during the normal school year, not ESY, unless specified.**

## LRE and General Education

1. Explain the extent, if any, in which the student will not participate with non-disabled peers in the regular class: Demi will not participate with non-disabled peers in the regular class for 30 min, 7 times a month when she is receiving speech therapy.

2. Explain the extent, if any, in which the student will not participate with non-disabled peers in extracurricular and nonacademic activities: Demi will participate with non-disabled peers in extracurricular and nonacademic activities as appropriate.

3. and/or, his/her LEA Home School: Demi attends Lakeland Elementary, which is her LEA Home School.

## Special Transportation

**The student does not require special transportation.**

## Extended School Year (ESY)

**The IEP Team has determined that Extended School Year is not required.**

Gmail

G Ibr.
<gingerxpharm@gmail.com>

**Withdrawal Notice**

2 messages

---

**Kathryn Pickens** Thu, Feb 12, 2026 at <kpickens@lakelandk12.org> 8:00 AM

To: magic1cell@yahoo.com, G Ibrahim

<gingerxpharm@gmail.com>

Cc: Angie Delloso <adelloso@lakelandk12.org>, Joretha

Lockhart <jlockhart@lakelandk12.org>, Donita Carmichael

<dcarmichael@lakelandk12.org>

Good morning,

Following our conversation on Thursday, January 22, and my follow-up email on February 5, I am writing to provide the next steps regarding the enrollment status of Deizel (Preschool), Delilah (1st Grade), and Demi (3rd Grade) Ibrahim.

As previously discussed, the property at 4137 Loch Meade Drive has been reported as vacant, and current records indicate your family has relocated to 8903 Valley Creek Dr. in Arlington. I requested additional documentation to verify your residency within Lakeland city limits with a deadline of yesterday, February 11.

https://mail.google.com/mail/u…=msg-a:s:17661643151712426339 Page 1 of 3 Gmail - Withdrawal Notice 3/12/26, 9:13 AM

Since the requested information was not received, I must now move forward with the standard withdrawal process for students residing outside of the Lakeland School System attendance zone.

Please contact Ms. Carmichael, LES Attendance Secretary, to complete the necessary withdrawal paperwork no later than the close of business today, Thursday, February 12, 2026.

Please let me know if you have any questions or need additional clarification.

Best regards,

Kim Pickens

Director of Student Services

901-317-6011

Student Services Website

Gmail G Ibr. <gingerxpharm@gmail.com>

## Enrollment Re-Enrollment

7 messages

**G Ibr.** <gingerxpharm@gmail.com> Thu, Feb 12, 2026 at 2:16 PM
To: "thorrell@lakelandk12.org" <thorrell@lakelandk12.org>

Meeting needed regarding re-enrollment.

---

**G Ibr.** <gingerxpharm@gmail.com> Thu, Feb 12, 2026 at 2:17 PM
To: "thorrell@lakelandk12.org" <thorrell@lakelandk12.org>

Keyera Ibrahim
901-451-1428

On Thursday, February 12, 2026, G Ibr. <gingerxpharm@gmail.com> wrote:
> Meeting needed regarding re-enrollment.

---

**Ted Horrell** <thorrell@lakelandk12.org> Fri, Feb 13, 2026 at 7:58 AM
To: "G Ibr." <gingerxpharm@gmail.com>
Cc: Angela Delloso <adelloso@lakelandk12.org>

Ms. Ibrahim,

My understanding is that you wish to appeal the school and district's determination that your students do not reside in Lakeland. I have requested the investigation notes and will review them per your request. We have a day of professional learning today, so it will be early next week before I can review the notes and let you know my decision.

Thanks,

Dr. Ted Horrell

Superintendent

Lakeland School System

Phone: (901) 867-5412

Fax: (901) 867-2063

www.lakelandk12.org

LSS LAKELAND SCHOOL SYSTEM — Learn. Grow. Lead. —

[Quoted text hidden]

---

**Ted Horrell** <thorrell@lakelandk12.org> Wed, Feb 18, 2026 at 8:00 AM
To: "G Ibr." <gingerxpharm@gmail.com>
Cc: Angela Delloso <adelloso@lakelandk12.org>

Ms. Ibrahim,

I have reviewed all of the documentation used by school administrators and our Student Services department to make a determination regarding your family's residency. After reviewing the information myself, I am affirming the school's conclusion that your family's residence is no longer at 4137 Loch Meade Drive and that residency within the Lakeland School System attendance area has not been appropriately established. Therefore, your students are not currently eligible to enroll in Lakeland School System.

Dr. Ted Horrell

Superintendent

Lakeland School System

Phone: (901) 867-5412

Fax: (901) 867-2063

www.lakelandk12.org

LSS LAKELAND
SCHOOL SYSTEM
Learn. Grow. Lead.

[Quoted text hidden]

---

**G Ibr.** <gingerxpharm@gmail.com> Thu, Feb 19, 2026 at 4:38 PM
To: neal@gibsonperryman.com

[Quoted text hidden]

---

**G Ibr.** <gingerxpharm@gmail.com> Fri, Feb 20, 2026 at 6:11 AM
To: Ted Horrell <thorrell@lakelandk12.org>, Kathryn Pickens <kpickens@lakelandk12.org>, Donita Carmichael <dcarmichael@lakelandk12.org>, Joretha Lockhart <jlockhart@lakelandk12.org>
Cc: Angela Delloso <adelloso@lakelandk12.org>
Bcc: neal@gibsonperryman.com

Mr. Horrell,

Proofs of Residency
"Parents/guardians must provide TWO of the following items showing the parent/guardian's name and address to prove Lakeland residency:"

- Most recent MLGW or municipal water bill
- Mortgage statement or deed
- Real Estate tax receipt

I am requesting to enroll my children back into their public school system at Lakeland Elementary. Attached are the required documents.

Dr. Ibrahim

MLGW

For: KEYERA C. IBRAHIM

Services at: 4137 LOCH MEADE DR

Meter reader on site on February 12, 2026 at 15:24.

Page 1 of 2

UTILITY BILL
Date: February 18, 2026

Amount Due: $ 612.00
Due Date: March 6, 2026

Account Number: 00093-7012-1233-556

| | Readings | | Usage | Amount | Total |
|---|---|---|---|---|---|
| **GAS** | 2/12/26 | 1/22/26 | | | |
| G-3 Residential Gas | 738 | 480 | 258 | 301.94 | |
| Includes Purchased Gas Adjustment of 0.6160000/ccf | | | | | 301.94 |
| **ELECTRIC** | 2/12/26 | 1/22/26 | | | |
| E-1 Residential Electric | 236430 | 235496 | 934 | 128.24 | |
| Includes TVA Fuel Cost Adjustment of 0.0291100/kwh | | | | | 128.24 |
| **WATER** | 2/12/26 | 1/22/26 | | | |
| W-01 Residential Water | 1549 | 1543 | 6 | 25.24 | |
| Your current reading was estimated. | | | | | |
| 9.75% Sales Tax | | | | 2.46 | 27.70 |
| **OTHER MLGW** | | | | | |
| Share The Pennies (2025 Total Contributions $2.63) | | | | 0.41 | 0.41 |
| **OTHER MLGW** | | | | | |
| Smart Meter Connect Charge | | | | 25.21 | 25.21 |

**Service:**

| | |
|---|---|
| Days of Service | 21 |
| Average Utility Cost per Day: | $ 29.14 |
| Average Temperature: | 34 |
| Billing Cycle: | 08 |
| **Next Reading Date:** | **March 13, 2026** |

**Contact:**

Non-MLGW — See back of bill.
New Service Requests, Transfers, Disconnects, Trouble/Maintenance, Billing Inquiries, Payment Arrangements and Service Reconnects — 844-MLGW (6549)
Hours: Monday - Friday 8AM - 5PM

**My Account Access Code: 613649**
**Pay Online! www.mlgw.com**
**Pay By Phone! 1-888-515-0277**

Payment Arrangements Online at www.mlgw.com/paymentarrangements

PAYMENTS MUST BE RECEIVED BY 3:00 PM CENTRAL TIME TO POST SAME BUSINESS DAY.

Current charges are continued on the reverse side.

If paying in person, please present both portions of bill.

Please detach and return in the enclosed envelope with payment.

MLGW

Please be sure return address appears in the window of the envelope.
*DO NOT USE STAPLES OR PAPERCLIPS.*

LATE FEE ALLOWANCES: 2

Amount Due: $ 612.00
Due Date: March 6, 2026

If received later, amount due is $634.77
Account Number
00093-7012-1233-556

799366003900006371683469314250

To use barcode, a fee of $1.50 applies. See reverse side for details.

#BWNDHFL
#65907829500/0# 8001 549525518 000603

KEYERA C. IBRAHIM
4137 LOCH MEADE DR
LAKELAND TN 38002-9367

Memphis Light Gas and Water Division
P.O. Box 388

Memphis, TN 38145-0388

000937012 1233556 6020260306 0006002277 000000612005

MLGW MEMPHIS LIGHT, GAS AND WATER DIVISION

Final

Page 1 of 2

UTILITY BILL
Date: February 5, 2026

For: AHMAD A. IBRAHIM

*NO PERSONAL CHECKS*

Amount Due: $ 478.00
Due Date: February 20, 2026

Services at: 4137 LOCH MEADE DR

Meter reader on site on January 22, 2026 at 12:53.

Account Number: 00086-3844-1233-656

| | Readings | | Usage | Amount | Total |
|---|---|---|---|---|---|
| **GAS** | 1/22/26 | 12/23/25 | | | |
| G-3 Residential Gas | 480 | 349 | 131 | 98.58 | |
| Includes Purchased Gas Adjustment of 0.1120000/ccf | | | | | 98.58 |
| **ELECTRIC** | 1/22/26 | 12/23/25 | | | |
| E-1 Residential Electric | 235496 | 234444 | 1052 | 146.43 | |
| Includes TVA Fuel Cost Adjustment of 0.0280300/kwh | | | | | 146.43 |
| **WATER** | 1/22/26 | 12/23/25 | | | |
| W-51 Residential Water | 1343 | 1331 | 12 | 44.71 | |
| 9.75% Sales Tax | | | | 4.36 | 49.07 |
| **OTHER MLGW** | | | | | |
| Share The Pennies (2025 Total Contributions $0.00) | | | | 0.58 | 0.58 |
| **OTHER MLGW** | | | | | |
| Connect Charge | | | | 42.00 | 42.00 |

**Service:**

| | |
|---|---|
| Days of Service | 132 |
| Average Utility Cost per Day | $ 3.62 |
| Average Temperature | 47 |
| Billing Cycle | 09 |
| Next Reading Date: | February 12, 2026 |

**Contact:**

| | |
|---|---|
| Non-MLGW | See back of bill |
| New Service Requests, Transfers, Disconnects, Trouble/Maintenance, Billing Inquiries, Payment Arrangements and Service Reconnects | 544-MLGW (6549) |

Hours: Monday – Friday 8AM – 5PM

My Account Access Code: 506056
Pay Online! www.mlgw.com
Pay By Phone! 1-866-315-0277

*Payment Arrangements Online at www.mlgw.com/payarrange*

PAYMENTS MUST BE RECEIVED BY [illegible] CENTRAL TIME TO POST SAME BUSINESS DAY

* Your account is not eligible to be paid by personal Check.

**Current charges are continued on the reverse side.**

If paying in person, please present both portions of bill.

Please detach and return in the enclosed envelope with payment.

MLGW MEMPHIS LIGHT, GAS AND WATER DIVISION

Final

Please be sure return address appears in the window of the envelope.
*DO NOT USE STAPLES OR PAPERCLIPS.*

LATE FEE ALLOWANCES: 0

P

Amount Due: **$ 478.00**
Due Date: **February 20, 2026**

If received later, amount due is $492.49
Account Number
00086-3844-1233-656

#BWNDHFL
#65907010590/0# B001 548026303 001538

AHMAD A. IBRAHIM
4137 LOCH MEADE DR
LAKELAND TN 38002-9387

Memphis Light Gas and Water Division
P.O. Box 388

Memphis, TN 38145-0388

000863844 1233656 0/20260220 0000001449 000000047800 6


2:06
Lakeland
January 22 6:30 PM
HDR


2:07
Lakeland
January 22 6:30 PM
HDR
00:03.69
01:31


2:07
Lakeland
January 22 6:30 PM
HDR
00:17.84
01:17


2:07
Lakeland
January 22 6:30 PM
HDR
01:07.80
00:27


2:07
Lakeland
January 22 6:30 PM
HDR
00:47.45
00:48

BARTLETT INCOME PROPERTY: 8903 Valley Creek Dr 38002 photos below



<
**Bartlett**
July 1, 2025 6:08 PM
•••

LIVE



August 10, 2025 8:53 PM







October 15, 2025 3:44 PM

LIVE



Today
11:47 AM

LIVE



REGINA MORRISON NEWMAN, SHELBY COUNTY TRUSTEE
P.O.Box 2751
Memphis, TN 38101-2751
QUESTIONS? Call (901) 222 - 0200

| PARCEL # | TAXING AUTHORITY | NOTICE TYPE | DATE |
|---|---|---|---|
| L0150F A00019 | LAKELAND | INTERNET RECEIPT | 02/19/2026 11:13 AM |

IBRAHIM MOHAMMAD AND
AHMAD IBRAHIM AND
4137 LOCH MEADE DR
LAKELAND TN 38002-9367

LOT SIZE:
LOT NO: 20
ACREAGE: 0.491

LOCATION: 4137 LOCH MEADE
CLASSIFICATION: R
SUBDIVISION: EAST SHORES PHASE
I

**Property Tax Notice**

| Date | Receipt # | Tax Yr | Bill # | Town | Base Tax | Int | Court | Atty | Misc | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/19/2025 | 80133 | 2025 | 25403900 | L | $2,372.33 | $0.00 | $0.00 | $0.00 | $0.00 | $2,372.33 |

**Total Paid: $2,372.33**

**Enter address change here:**

Name:

Address:

City: State:

Signature:

Changes require signatures of all owners

| Year | Amt Paid |
|---|---|
| 2025 | $2,372.33 |
| Total: | $2,372.33 |

Do not write below this line

ENTER AMOUNT PAID

Make checks payable to Shelby County Trustee.

REGINA MORRISON NEWMAN, TRUSTEE
P.O.Box 2751
Memphis, TN 38101-2751

TENNESSEE CIVIL CASE COVER SHEET

IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE

Case Title: TRO-Education

K.I., Individually and as Parent and Next Friend of

D.I.(14),D.I (8), D.I. (6), and D.I. (5), Minor Children

Plaintiff,

v.

Lakeland School District, Lakeland Board of Education, and Ted Horrell, Superintendent

Defendant

**Case Number:** CT-1185-26

**TYPE OF ACTION**

☑ Declaratory Judgment

☑ Injunctive Relief

☑ Education / Administrative Action

**JURY DEMAND**

☐ Jury Trial Requested

☑ Non-Jury Matter

**PARTIES**

**Plaintiff**
Keyera Ibrahim Pro Se
4137 Loch Meade Dr.
Lakeland, TN 38002
keyeraibrahim@yahoo.com

**Defendants**
Lakeland School System, Lakeland Board of Education, and Ted Horrell, Superintendent
10050 Oak Seed Lane. Lakeland, TN 38002

**NATURE OF CASE**

This action challenges the removal of minor children from the Lakeland School System following a residency investigation despite documentation establishing residency within Lakeland city limits.

Plaintiff seeks declaratory and injunctive relief including immediate re-enrollment and restoration of educational services. Total pages 37

Signature: Keyera Ibrahim

Date: March 13, 2026

K.I., Pro Se Plaintiff

IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE

**Keyera Ibrahim,**
Individually and as Parent and Next Friend
of minor children D.I. (14) D.I. (8), D.I. (6),
and D.I. (5),
Plaintiff,

v.

FILED
JAMITA E. SWEARENGEN
MAR 23 2026
CIRCUIT COURT CLERK
BY_______________D.C.

**LAKELAND SCHOOL DISTRICT,**
**LAKELAND BOARD OF EDUCATION,**
**and**
**TED HORRELL, Superintendent,**
Defendants.

Case No.: CT-1185-26

Division: VI

---

**EMERGENCY INJUNCTION FOR TEMPORARY RESTRAINING ORDER AND EXPEDITED INJUNCTION**

---

Plaintiff, Keyera Ibrahim individually and as parent and next friend of minor children D.I.(14), D.I.(8), D.I. (6), and D.I. (5), respectfully moves this Court pursuant to Tennessee Rule of Civil Procedure 65 for the issuance of an immediate Temporary Restraining Order and expedited injunctive relief against Defendants Lakeland School District, Lakeland Board of Education, and Superintendent Ted Horrell, and states as follows:

---

## II. FACTUAL BACKGROUND

1. Plaintiff is the parent and a legal guardian of minor children D.I. (8), D.I. (6), and D.I. (5).
2. The children were enrolled and attending school within the Lakeland School District in Shelby County, Tennessee.
3. Minor child D.I. (8) is a student receiving services through an Individualized Education Program (IEP) as required under federal law.
4. Minor child D.I. (6) was in the process of undergoing educational evaluation for potential IEP eligibility at the time of the events described herein.
5. Plaintiff raised concerns with school administration regarding bullying involving a child of a faculty member on December 4, 2025.

6. Following Plaintiff's complaint, Defendants initiated a residency verification challenge, asserting that the children did not reside within the district. On Jan 22, 2026, Kathryn Pickens, district employee called K.I to inform of non-residency claims.

7. Plaintiff provided documentation listed within the district's residency verification requirements: property deed, utility bill, property tax receipt, and utility proof-of-residency letter demonstrating residence within the district. Forms are the same as during enrollment yet rejected during the appeal.

8. Despite providing such documentation, Defendants failed to conduct appropriate due diligence regarding residency verification and withdrew minor children.

9. As a result of Defendants' actions, the children are currently unable to attend their school and participate in educational instruction, undergoing therapy, and sustained a financial loss of tuition paid for 2025-2026 for D.I (5) in the amount of $1500.

10. The removal has interrupted the educational services of a child with an IEP and halted the evaluation process for another child potentially eligible for special education services.

---

## III. IRREPARABLE HARM

12. The children are **missing critical instructional time** as a direct result of Defendants' actions.

13. Educational disruption at this stage will **cause lasting harm to the children's academic progress and emotional well-being**,

14. The harm is particularly severe for **minor child D.I. (8)** who relies on **specialized educational services and accommodations mandated under federal law**.

15. Children have experienced emotional distress significant enough to require counseling services.

16. Without immediate judicial intervention, the children will **continue to lose irreplaceable educational opportunities**.

---

## IV. VIOLATIONS OF FEDERAL LAW

17. The **Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1400 et seq.**, guarantees eligible students a **Free Appropriate Public Education (FAPE)**.

18. Under IDEA, school districts must provide services to students with disabilities pursuant to their **Individualized Education Program**.

19. The abrupt removal of **D.I. (8)** from school effectively **terminates access to required special education services**, in violation of federal law.

20. Additionally, IDEA requires districts to **evaluate students suspected of having disabilities**.

21. The district's withdrawal of **D.I. (6)** during the evaluation process interferes with these federal obligations.

22. Federal law strongly protects **continuity of placement and services**, often referred to as the **"Stay-Put" Rule (20 U.S.C §1415)**, during disputes involving special education services.

---

## V. TENNESSEE LAW

23. Tennessee law guarantees children residing within a school district the **right to attend public schools within that district**.

24. Defendants' decision to withdraw the children **without adequate investigation and despite the submission of residency documentation** is arbitrary and capricious.

25. The district's actions further raise concerns of **retaliation following Plaintiff's complaint regarding bullying** and potential underlying issues.

---

## VI. GROUNDS FOR TEMPORARY RESTRAINING ORDER

Under Tennessee Rule of Civil Procedure 65, a Temporary Restraining Order is appropriate where:

- Immediate and irreparable injury will occur before a hearing can be held;
- The plaintiff is likely to succeed on the merits;
- The balance of harms favors the plaintiff; and
- The public interest supports relief.

All factors weigh heavily in favor of issuing immediate injunctive relief.

---

## VII. REQUEST FOR EXPEDITED RELIEF

Plaintiff respectfully moves the Court for a Temporary Restraining Order requiring the immediate reinstatement of the minor children into Lakeland School System.

1. Immediate issuance of a Temporary Restraining Order requiring Defendants to allow the minor children to immediately return to and attend their assigned school within the Lakeland School District.
2. An order requiring Defendants to restore all educational services for minor child D.I. (8) pursuant to the existing IEP.
3. An order requiring Defendants to resume and complete the evaluation process for minor child D.I. (6).
4. An expedited **hearing date:**__________________________ for a preliminary injunction.
5. Restrict school employees from communication of court case with minor children.
6. Declare the school district's removal decision unlawful.
7. Any additional relief this Court deems just and proper.

---

Respectfully submitted,

*Dr. Keyera Ibrahim*
Plaintiff, Pro Se
4137 Loch Meade Dr
Lakeland, TN, 38002
901-451-1428
keyeraibrahim@yahoo.com

**Honorable Judge:**________________________________

**Order Granted:**__________________________________

# IN THE CIRCUIT COURT OF TENNESSEE
# FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

Keyera Ibrahim, Individually and as Parent and Next Friend of minor children D.I(14), D.I (8), D.I(6), and D.I(5)
**Plaintiff**

CT- 1185-26

**Division:** VI

Ted Horrell, Superintendent; Lakeland Board of Education; Lakeland School District
**Defendant**

## FIAT

**TO THE CLERK OF THE COURT:**

**In reference to the** Emergency Injuction for Temporary Restraining Order and Expedited Injunction

**filed on** March 12, 2026 **on behalf of** Keyera Ibrahim, Individually and as Parent and Next Friend of minor children D.I(14), D.I (8), D.I(6), and D.I(5).

**(check all that apply)**

- ☑ **Issue** Emergency Injuction for re-enrollment of minor children pending hearing.
- ☑ **Set this matter for hearing on** ______ **at** ______ **am/pm.**
- ☐ **Petitioner must post bond in the amount of** ______.

**JUDGE:** ______________________

**DATE:** ______________________

**Attorney for Petitioner:** Keyera Ibrahim, Pro Se

**BPR#:**

**Address:** 4137 Loch Meade Dr
Lakeland, TN 38002

IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE

**Keyera Ibrahim,**
Individually and as Parent and Next Friend of minor children D.I. (14) D.I. (8), D.I. (6), and D.I. (5),
Plaintiff,

v.

**LAKELAND SCHOOL DISTRICT,**
**LAKELAND BOARD OF EDUCATION,**
**and**
**TED HORRELL, Superintendent,**
Defendants.

FILED
JAMITA E. SWEARENGEN
MAR 23 2026
CIRCUIT COURT CLERK
BY________________D.C.

Case No.: CT-1185-26

Division: VI

---

**EMERGENCY INJUNCTION FOR TEMPORARY RESTRAINING ORDER AND EXPEDITED INJUNCTION**

---

Plaintiff, Keyera Ibrahim individually and as parent and next friend of minor children D.I.(14), D.I.(8), D.I. (6), and D.I. (5), respectfully moves this Court pursuant to Tennessee Rule of Civil Procedure 65 for the issuance of an immediate Temporary Restraining Order and expedited injunctive relief against Defendants Lakeland School District, Lakeland Board of Education, and Superintendent Ted Horrell, and states as follows:

---

## II. FACTUAL BACKGROUND

1. Plaintiff is the parent and a legal guardian of minor children D.I. (8), D.I. (6), and D.I. (5).
2. The children were enrolled and attending school within the Lakeland School District in Shelby County, Tennessee.
3. Minor child D.I. (8) is a student receiving services through an Individualized Education Program (IEP) as required under federal law.
4. Minor child D.I. (6) was in the process of undergoing educational evaluation for potential IEP eligibility at the time of the events described herein.
5. Plaintiff raised concerns with school administration regarding bullying involving a child of a faculty member on December 4, 2025.

6. Following Plaintiff's complaint, Defendants initiated a residency verification challenge, asserting that the children did not reside within the district. On Jan 22, 2026, Kathryn Pickens, district employee called K.I to inform of non-residency claims.

7. Plaintiff provided documentation listed within the district's residency verification requirements: property deed, utility bill, property tax receipt, and utility proof-of-residency letter demonstrating residence within the district. Forms are the same as during enrollment yet rejected during the appeal.

8. Despite providing such documentation, Defendants failed to conduct appropriate due diligence regarding residency verification and withdrew minor children.

9. As a result of Defendants' actions, the children are currently unable to attend their school and participate in educational instruction, undergoing therapy, and sustained a financial loss of tuition paid for 2025-2026 for D.I (5) in the amount of $1500.

10. The removal has interrupted the educational services of a child with an IEP and halted the evaluation process for another child potentially eligible for special education services.

---

## III. IRREPARABLE HARM

12. The children are **missing critical instructional time** as a direct result of Defendants' actions.

13. Educational disruption at this stage will **cause lasting harm to the children's academic progress and emotional well-being,**

14. The harm is particularly severe for **minor child D.I. (8)** who relies on **specialized educational services and accommodations mandated under federal law**.

15. Children have experienced emotional distress significant enough to require counseling services.

16. Without immediate judicial intervention, the children will **continue to lose irreplaceable educational opportunities.**

---

## IV. VIOLATIONS OF FEDERAL LAW

17. The **Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1400 et seq.**, guarantees eligible students a **Free Appropriate Public Education (FAPE).**

18. Under IDEA, school districts must provide services to students with disabilities pursuant to their **Individualized Education Program**.

19. The abrupt removal of **D.I. (8)** from school effectively **terminates access to required special education services**, in violation of federal law.

20. Additionally, IDEA requires districts to **evaluate students suspected of having disabilities**.

21. The district's withdrawal of **D.I. (6)** during the evaluation process interferes with these federal obligations.

22. Federal law strongly protects **continuity of placement and services,** often referred to as the **"Stay-Put" Rule (20 U.S.C §1415)**, during disputes involving special education services.

---

## V. TENNESSEE LAW

23. Tennessee law guarantees children residing within a school district the **right to attend public schools within that district.**

24. Defendants' decision to withdraw the children **without adequate investigation and despite the submission of residency documentation** is arbitrary and capricious.

25. The district's actions further raise concerns of **retaliation following Plaintiff's complaint regarding bullying** and potential underlying issues.

---

## VI. GROUNDS FOR TEMPORARY RESTRAINING ORDER

Under Tennessee Rule of Civil Procedure 65, a Temporary Restraining Order is appropriate where:

- Immediate and irreparable injury will occur before a hearing can be held;
- The plaintiff is likely to succeed on the merits;
- The balance of harms favors the plaintiff; and
- The public interest supports relief.

All factors weigh heavily in favor of issuing immediate injunctive relief.

---

**VII. REQUEST FOR EXPEDITED RELIEF**

Plaintiff respectfully moves the Court for a Temporary Restraining Order requiring the immediate reinstatement of the minor children into Lakeland School System.

1. Immediate issuance of a Temporary Restraining Order requiring Defendants to allow the minor children to immediately return to and attend their assigned school within the Lakeland School District.
2. An order requiring Defendants to restore all educational services for minor child D.I. (8) pursuant to the existing IEP.
3. An order requiring Defendants to resume and complete the evaluation process for minor child D.I. (6).
4. An expedited **hearing date:** April 7, 2026 for a preliminary injunction.
5. Restrict school employees from communication of court case with minor children.
6. Declare the school district's removal decision unlawful.
7. Any additional relief this Court deems just and proper.

---

Respectfully submitted,

*Dr. Keyera Ibrahim*
Plaintiff, Pro Se
4137 Loch Meade Dr
Lakeland, TN, 38002
901-451-1428
keyeraibrahim@yahoo.com

**Honorable Judge:** [signature]

**Order Granted:** March 26, 2026

---

**SWORN AFFIDAVIT**

---

1. I am the parent of D.I. (14), D.I (8), D.I. (6), and D.I. (5).

2. My family owns and primarily resides in our home located within Lakeland city limits.

3. My children were enrolled in Lakeland schools for the 2025–2026 school year.

4. After reporting bullying involving a child of a school employee, the district initiated a residency investigation.

5. Despite providing proof of residency including deed, utility bills, tax receipt, and utility proof of residency letter, the district removed my children from school.

6. My husband and I own and manage multiple rental income properties, which explains additional utility accounts.

7. Bartlett, TN 38002 property is used as a multi-use income and rental property.

7. These properties do not change our primary residence.

8. My daughter with an IEP has been deprived of services since removal.

9. My other child was undergoing evaluation for education services under IEP.

10. The removal has severely disrupted my children's education.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Signed: ____________________

Keyera Ibrahim

Date: 3/24/2026

Subscribed and sworn before me this 24th day of March, 2026.

Notary Public: ____________________

My Commission Expires: 11/18/2026

JABARI OLIVER
STATE OF TENNESSEE
NOTARY PUBLIC
EXPIRES NOVEMBER 18, 2026

# IN THE CIRCUIT COURT OF TENNESSEE
# FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

Keyera Ibrahim, Individually and as Parent and Next Friend of minor children D.I(14), D.I (8), D.I(6), and D.I(5)

**Plaintiff**

CT- 1185-26

**Division:** VI

Ted Horrell, Superintendent; Lakeland Board of Education; Lakeland School District

**Defendant**

FILED
JAMITA E. SWEARENGEN
MAR 26 2026
CIRCUIT COURT CLERK
BY [signature] D.C.

## FIAT

**TO THE CLERK OF THE COURT:**

**In reference to the** Emergency Injuction for Temporary Restraining Order and Expedited Injunction

**filed on** March 12, 2026 **on behalf of** Keyera Ibrahim, Individually and as Parent and Next Friend of minor children D.I(14), D.I (8), D.I(6), and D.I(5).

***(check all that apply)***

☑ **Issue** Emergency Injuction for re-enrollment of minor children pending hearing.

☑ **Set this matter for hearing on** April 7, 2026 **at** 10:00 **(am)/pm.**

☐ **Petitioner must post bond in the amount of** ________.

**JUDGE:** [signature]

**DATE:** 3/26/26

**Attorney for Petitioner:** Keyera Ibrahim, Pro Se

**BPR#:**

**Address:** 4137 Loch Meade Dr
Lakeland, TN 38002

FILED
JAMITA E. SWEARENGEN
APR 02 2026
CIRCUIT COURT CLERK
BY_______________D.C.

R & R SUBPOENA SERVICE
P. O. BOX 3809
MEMPHIS, TENNESSEE 38173

Office : 901-229-0902 Mobile 901-482-0415 Fax : 901.387.1158
Email : rayhob@bellsouth.net

CIRCUIT / CHANCERY AFFIDAVIT OF SERVICE

STATE OF TENNESSEE

CT-1185-26 -6

COUNTY OF SHELBY

COMES NOW AFFIANT, RAYMOND HOBSON, HE OR SHE IS OVER THE AGE OF 18 YEARS, AND QUALIFIED, TO GIVE TESTIMONY IN THE COURTS OF THE UNITED STATES AND COURTS OF TENNESSEE HAVING SO STATED, AFFIANT MAKES OATH WITH RESPECT TO THE TRUTH AND ACCURACY OF THE INFORMATION, ALL OF WHICH PERSONAL TO HIS OR HER FIRST HAND, BELOW SET OUT.

ON THE 25th DAY OF MARCH 2026 AT 10:20 A.M., I SERVED BY HAND DELIVERY THE SUMMONS WHICH THIS AFFIDAVIT IS ATTACHED WITH A TRUE AND EXACT COPY OF THE COMPLAINT ON, LAKELAND BOARD OF EDUCATION C/O TED HORRELL BY SERVING SUMMER SMITH AT 3009 PLANTATION ROAD, LAKELAND, TN. 38002.

MEMPHIS, SHELBY COUNTY, TENNESSEE

FURTHER, AFFIANT SAITH NOT

Raymond Hobson
AFFIANT PRIVATE SERVER

Valerie [signature]
NOTARY PUBLIC

STATE OF TENNESSEE NOTARY PUBLIC SHELBY COUNTY COMMISSION EXPIRES 6-28-2027

SWORN TO BE SUBSCRIBED BEFORE ME THIS 25th DAY OF MARCH, 2026.

MY COMMISSION EXPIRES:

R & R SUBPOENA SERVICE

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. CT-1185-26 Div. VI

(●) Lawsuit
( ) Divorce

Ad Damnum $ ____________

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| Keyara Ibrahim, Individually and as Parent and Next friend of D.I (14), D.I (8), D.I. (6). D.I(5) | VS | Lakeland Board of Education |

TO: (Name and Address of Defendant (One defendant per summons))

Lakeland Board of Education
10050 Oak Seed Lane
Lakeland, TN 38002

Method of Service:

( ) Certified Mail
( ) Shelby County Sheriff
( ) Commissioner of Insurance ($)
( ) Secretary of State ($)
( ) Other TN County Sheriff ($)
(✓) Private Process Server
( ) Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Plaintiff's

attorney, whose address is

telephone within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED 3/12/26

By Phoenicia Patton, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JAMITA SWEARENGEN / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

____________ 20__

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master By: ____________, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the 25 day of March, 2026 at 10:20 A.M. a copy of the summons and a copy of the Complaint to the following Defendant Lake Board of Education C/O Ted Horrell by Summer Smith at 3009 Davis Plantation Road, Lakeland TN. 38002

X Summer Smith
Signature of person accepting service
For Dr. Ted Horrell

By: [signature]
Sheriff or other authorized person to serve process

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant __________

because __________ is (are) not to be found in this County after diligent search and inquiry for the following reason(s): __________

This ______ day of __________, 20____.

By: __________
Sheriff or other authorized person to serve process

FILED
JAMITA E. SWEARENGEN
MAR 1 2 2026
CIRCUIT COURT CLERK
BY ____ D.C.

IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE

**Keyera Ibrahim,**
Individually and as Parent and Next Friend of minor children D.I. (14) D.I. (8), D.I. (6), and D.I. (5),
Plaintiff,

v.

**LAKELAND SCHOOL DISTRICT,**
**LAKELAND BOARD OF EDUCATION, and**
**TED HORRELL, Superintendent,**
Defendants.

Case No.: CT-1185-26

Division: VI

---

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

**PARTIES**

1. Plaintiff Keyera Ibrahim. is the parent and legal guardian of the minor children named herein and a resident homeowner within Shelby County, TN (Lakeland, TN)

2. Defendant Lakeland School District is the public school district responsible for providing education to resident children within Lakeland, TN (Shelby County, TN)

3. Defendant Lakeland Board of Education is responsible for the policies and governance of the school district.

4. Defendant Ted Horrell is the Superintendent of Lakeland School System and acted under color of state law.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter pursuant to Tennessee law governing public education disputes and requests for injunctive relief.

6. Venue is proper because the events giving rise to this claim occurred within this county.

---

## FACTUAL BACKGROUND

7. Plaintiff is the parent of four minor children: D.I. (14), D.I (8), D.I.(6), D.I.(5)

8. December 4, 2025, Plaintiff approached another parent in the school car rider line regarding ongoing bullying involving their children.
9. The other parent is employed as a teacher within Lakeland School System.
10. The parent alleged that Plaintiff made a threat during the conversation.
11. Law Enforcement investigation resulted in no findings nor charges.
12. . Dec. 10, 2025, Ted Horrell banned Plaintiff from school property until May 22, 2026.
13. Plaintiff raised concerns regarding bullying affecting her child. Ted Horrell failed to respond to allegations although documented with administrators since 10-04-2024.
14. Superintendent Ted Horrell warned Plaintiff that further mention of the situation could result in additional actions.
15. Two days later, Ted Horrell contacted Plaintiff and threatened arrest if Plaintiff attempted to drop off the children although failing to provide guidelines of ban.

---

**Residency Investigation**

16. Shortly after Plaintiff raised concerns regarding bullying, Defendants initiated a residency verification investigation concerning the minor children.
17. January 22, 2026, district employee Kathryn Pickens called to inform Plaintiff that a residency investigation had been conducted.
18. D.I. (5) who was 4 at time, told Plaintiff that Shelly White pulled him from class to ask him questions on where he lives and if his parents are together on dinosaur day.
19. Kathyn Pickens detailed to Plaintiff that their investigation determined multiple utility accounts found but no active account at Lakeland residence.
20. Kathryn Pickens repeatedly used words such as "their father" instead of "husband" after numerous corrections. in addition to informing Plaintiff that Principal Lockhart, LES signed off on Shelly White investigating claims including trespassing on Plaintiff's property.

21. Plaintiff has reported Shelly White to Principal Lockhart for what Plaintiff alleges as her questionable, unprofessional, and discriminatory behavior consistently displayed yearly.
22. Pickens informed Plaintiff that Shelly White came upon residence and determined home was vacant before conversation ended with no resolve.
23. February 5, 2026, 2:54pm Kathryn Pickens sent email at claiming Plaintiff's house is vacant and children would be removed if proof not submitted by February 11,2026.
24. The shortened deadline of 3 business days occurred immediately after Shelby County experienced closures and disruptions due to a severe winter storm, from January 24, 2026 – February 5,2026
25. February 12, 2026, Plaintiff contested that no information had changed since enrollment submission and requested proof for their determination which was not provided.
26. Minor children were withdrawn from school with Joretha Lockhart and Donita Carmichael in attendance at 2:05pm at district office.
27. February 12, 2026, 2:13pm Plaintiff requested immediate re-enrollment with residency forms in possession for submission but was denied by Angie Delloso.
28. Plaintiff sent email to Ted Horrell requesting meeting for re-enrollment at 2:16pm.
29. February 23, 2026, Ted Horrell completed an appeal without requesting any information forms, meetings, statements, or requests for documentation from Plaintiff.
30. Defendant, Ted Horrell stated in email that his investigation revealed Plaintiff establish residence in Bartlett, TN for Fall 2025.

---

**Proof of Residency**

31. Plaintiff and spouse reside at their primary residence is Lakeland, TN since 12/2021.
32. Plaintiff was denied submission of property deed, utility bill, property tax receipt, and an official MLGW proof of residency letter on 02/12/2026. Sent via email 02/20/26
33. 3 of 4 submissions are the same category of documents previously accepted by the district at the time of the children's initial enrollment in 2022 and subsequent enrollment each year thereafter.
34. Defendants have access to view utility accounts and documents are public record.

35. Removal continued despite Plaintiff's compliance with the district's policy requirements.
36. Plaintiff and husband own and manage other real estate properties and multi-use rental income properties explaining the additional utility accounts.
37. These properties do not change the family's primary residence within Lakeland. The children reside daily at their Lakeland residence with either parent (married).

---

**Educational Harm**

38. The children have missed critical academic instruction and services because of their removal.
39. The interruption is particularly harmful to D.I. (8) whose federally protected IEP services have been disrupted.
40. The removal also halted the IEP evaluation process underway for D.I. (6).
41. As a result of the sudden removal from school and disruption of their educational environment, the minor children have experienced emotional distress and instability.
42. The unexpected removal from their classes, friendships, and daily routine has caused the children confusion and emotional turmoil.
43. Plaintiff has arranged for the children to begin counseling services to help them cope with the emotional impact of their removal from school.
44. The counseling services were initiated specifically to address the stress and emotional disruption caused by Defendants' actions.
45. The costs associated with counseling, combined with the previously paid preschool tuition, additional cost of supplemental education and other educational support, have created significant financial strain on Plaintiff's household.
46. Plaintiff paid $1,500 in tuition in full for preschool services for D.I. (5).
47. Despite the tuition being paid in full, Defendants removed D.I. (5) from preschool.
48. The district has not reimbursed the preschool tuition paid by Plaintiff.
49. The actions of Defendants have therefore caused educational, emotional, and financial harm to Plaintiff and the minor children.

**REQUEST FOR RELIEF**

1. Order immediate re-enrollment of the minor children D.I. (8), D.I. (6), and D.I. (5).

2. Restore IEP services for D.I. (8)

3. Allow completion of special education evaluation for D.I (6).

4. Prevent further retaliation

5. Restrict school employees from communication of court case or topics with minor children.

6. Declare the school district's removal decision unlawful.

7. Grant any additional relief the Court deems proper.

Respectfully submitted,

*Dr. Keyera Ibrahim*
Plaintiff, Pro Se
4137 Loch Meade Dr
Lakeland, TN, 38002
901-451-1428
keyeraibrahim@yahoo.com

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND EXPEDITED INJUNCTION**

Plaintiff, Keyera Ibrahim individually and as parent and next friend of minor children D.I.(14), D.I.(8), D.I. (6), and D.I. (5), respectfully moves this Court pursuant to Tennessee Rule of Civil Procedure 65 for the issuance of an immediate Temporary Restraining Order and expedited injunctive relief against Defendants Lakeland School District, Lakeland Board of Education, and Superintendent Ted Horrell, and states as follows:

## II. FACTUAL BACKGROUND

1. Plaintiff is the parent and a legal guardian of minor children D.I. (8), D.I. (6), and D.I. (5).
2. The children were enrolled and attending school within the Lakeland School District in Shelby County, Tennessee.
3. Minor child D.I. (8) is a student receiving services through an Individualized Education Program (IEP) as required under federal law.
4. Minor child D.I. (6) was in the process of undergoing educational evaluation for potential IEP eligibility at the time of the events described herein.
5. Plaintiff raised concerns with school administration regarding bullying involving a child of a faculty member on December 4, 2025.
6. Following Plaintiff's complaint, Defendants initiated a residency verification challenge, asserting that the children did not reside within the district. On Jan 22, 2026, Kathryn Pickens, district employee called K.I to inform of non-residency claims.
7. Plaintiff provided documentation listed within the district's residency verification requirements: property deed, utility bill, property tax receipt, and utility proof-of-residency letter demonstrating residence within the district. Forms are the same as during enrollment yet rejected during the appeal.
8. Despite providing such documentation, Defendants failed to conduct appropriate due diligence regarding residency verification and withdrew minor children.
9. As a result of Defendants' actions, the children are currently unable to attend their school and participate in educational instruction, undergoing therapy, and sustained a financial loss of tuition paid for 2025-2026 for D.I (5) in the amount of $1500.
10. The removal has interrupted the educational services of a child with an IEP and halted the evaluation process for another child potentially eligible for special education services.

---

## III. IRREPARABLE HARM

12. The children are **missing critical instructional time** as a direct result of Defendants' actions.
13. Educational disruption at this stage will **cause lasting harm to the children's academic progress and emotional well-being**,
14. The harm is particularly severe for **minor child D.I. (8)** who relies on **specialized educational services and accommodations mandated under federal law**.

15. Children have experienced emotional distress significant enough to require counseling services.

16. Without immediate judicial intervention, the children will **continue to lose irreplaceable educational opportunities**.

---

## IV. VIOLATIONS OF FEDERAL LAW

17. The **Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1400 et seq.**, guarantees eligible students a **Free Appropriate Public Education (FAPE)**.

18. Under IDEA, school districts must provide services to students with disabilities pursuant to their **Individualized Education Program**.

19. The abrupt removal of **D.I. (8)** from school effectively **terminates access to required special education services**, in violation of federal law.

20. Additionally, IDEA requires districts to **evaluate students suspected of having disabilities**.

21. The district's withdrawal of **D.I. (6)** during the evaluation process interferes with these federal obligations.

22. Federal law strongly protects **continuity of placement and services**, often referred to as the **"Stay-Put" Rule (20 U.S.C §1415)**, during disputes involving special education services.

---

## V. TENNESSEE LAW

23. Tennessee law guarantees children residing within a school district the **right to attend public schools within that district**.

24. Defendants' decision to withdraw the children **without adequate investigation and despite the submission of residency documentation** is arbitrary and capricious.

25. The district's actions further raise concerns of **retaliation following Plaintiff's complaint regarding bullying** and potential underlying issues.

---

## VI. GROUNDS FOR TEMPORARY RESTRAINING ORDER

Under Tennessee Rule of Civil Procedure 65, a Temporary Restraining Order is appropriate where:

- Immediate and irreparable injury will occur before a hearing can be held;
- The plaintiff is likely to succeed on the merits;
- The balance of harms favors the plaintiff; and
- The public interest supports relief.

All factors weigh heavily in favor of issuing immediate injunctive relief.

---

## VII. REQUEST FOR EXPEDITED RELIEF

Plaintiff respectfully moves the Court for a Temporary Restraining Order requiring the immediate reinstatement of the minor children into Lakeland School System.

1. Immediate issuance of a Temporary Restraining Order requiring Defendants to allow the minor children to immediately return to and attend their assigned school within the Lakeland School District.
2. An order requiring Defendants to restore all educational services for minor child D.I. (8) pursuant to the existing IEP.
3. An order requiring Defendants to resume and complete the evaluation process for minor child D.I. (6).
4. An expedited hearing for a preliminary injunction.
5. Restrict school employees from communication of court case with minor children.
6. Declare the school district's removal decision unlawful.
7. Any additional relief this Court deems just and proper.

---

Respectfully submitted,

*Dr. Keyera Ibrahim*
Plaintiff, Pro Se
4137 Loch Meade Dr
Lakeland, TN, 38002
901-451-1428
keyeraibrahim@yahoo.com

## SWORN AFFIDAVIT

1. I am the parent of D.I. (14), D.I (8), D.I. (6), and D.I. (5).

2. My family owns and primarily resides in our home located within Lakeland city limits.

3. My children were enrolled in Lakeland schools for the 2025–2026 school year.

4. After reporting bullying involving a child of a school employee, the district initiated a residency investigation.

5. Despite providing proof of residency including deed, utility bills, tax receipt, and utility proof of residency letter, the district removed my children from school.

6. My husband and I own and manage multiple rental income properties, which explains additional utility accounts.

7. Bartlett, TN 38002 property is used as a multi-use income and rental property.

7. These properties do not change our primary residence.

8. My daughter with an IEP has been deprived of services since removal.

9. My other child was undergoing evaluation for education services under IEP.

10. The removal has severely disrupted my children's education.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Signed: ______________________________

Keyera Ibrahim

Date: ___________________

Subscribed and sworn before me this ___ day of ______, 2026.

Notary Public: ___________________

My Commission Expires: ______

## EXHIBITS

### Exhibit A. Property Deed

**Melvin Burgess**
**Assessor Of Property**
**Shelby County Government**

**Property Location and Owner Information**

| | |
|---|---|
| Parcel ID | L0150F A00019 |
| Property Address | 4137 LOCH MEADE DR |
| Municipal Jurisdiction | LAKELAND |
| Neighborhood Number | 00406A02 |
| Tax Map Page | 810 |
| Land Square Footage | 21388 |
| Acres | 0.491 |
| Lot Dimensions | .491AC108.51/110X205/189 |
| Subdivision Name | EAST SHORES PHASE I |
| Subdivision Lot Number | 20 |
| Plat Book and Page | 127-6 |
| Number of Improvements | 1 |
| Owner Name | IBRAHIM MOHAMMAD AND AHMAD IBRAHIM AND KEYERA MCCOY (RS) |
| Owner Mailing Address | 4137 LOCH MEADE |
| Owner City/State/Zip | ARLINGTON TN 38002 |

**Exhibit B. Utility Bill 1of 2**

MLGW

UTILITY BILL

Service:

MLGW

**Exhibit B. Utility Bill 2 of 2**

MLGW MEMPHIS LIGHT, GAS AND WATER DIVISION

Final

Page 1 of 2

UTILITY BILL
Date: February 5, 2026

For: AHMAD A. IBRAHIM

*NO PERSONAL CHECKS*

Services at: 4137 LOCH MEADE DR

Meter reader on site on January 22, 2026 at 12:53.

Amount Due: $ 478.00
Due Date: February 20, 2026

Account Number: 00086-3844-1233-656

| | Readings | | Usage | Amount | Total |
|---|---|---|---|---|---|
| **GAS** | | | | | |
| G-3 Residential Gas | 1/22/26 | 12/23/25 | | | |
| | 480 | 349 | 131 | 98.58 | |
| includes Purchased Gas Adjustment of 0.1120000/ccf | | | | | 98.58 |
| **ELECTRIC** | | | | | |
| E-1 Residential Electric | 1/22/26 | 12/23/25 | | | |
| | 235496 | 234444 | 1052 | 146.43 | |
| Includes TVA Fuel Cost Adjustment of 0.0260300/kwh | | | | | 146.43 |
| **WATER** | | | | | |
| W-51 Residential Water | 1/22/26 | 12/23/25 | | | |
| | 1343 | 1331 | 12 | 44.71 | |
| 9.75% Sales Tax | | | | 4.36 | 49.07 |
| **OTHER MLGW** | | | | | |
| Share The Pennies (2025 Total Contributions $0.00) | | | | 0.58 | 0.58 |
| **OTHER MLGW** | | | | | |
| Connect Charge | | | | 42.00 | 42.00 |

**Service:**

Days of Service: 132
Average Utility Cost per Day: $ 3.62
Average Temperature: 47
Billing Cycle: 08
**Next Reading Date:** February 12, 2026

**Contact:**

Non-MLGW: See back of bill
New Service Requests, Transfers, Disconnects, Trouble/Maintenance, Billing Inquiries, Payment Arrangements and Service Reconnects: 544-MLGW (6549)

**Hours: Monday – Friday 8AM – 6PM**

**My Account Access Code: 606096**
**Pay Online!** www.mlgw.com
**Pay By Phone!** 1-866-315-0277

*Payment Arrangements Online at www.mlgw.com/payarrange*

**PAYMENTS MUST BE RECEIVED BY 3:00 PM CENTRAL TIME TO POST SAME BUSINESS DAY.**

* Your account is not eligible to be paid by personal Check.

**Current charges are continued on the reverse side.**

**If paying in person, please present both portions of bill.**

**Please detach and return in the enclosed envelope with payment.**

MLGW MEMPHIS LIGHT, GAS AND WATER DIVISION

Final

P

Please be sure return address appears in the window of the envelope.

*DO NOT USE STAPLES OR PAPERCLIPS.*

**LATE FEE ALLOWANCES: 0**

Amount Due: **$ 478.00**
Due Date: **February 20, 2026**

If received later, amount due is $492.49
Account Number
00086-3844-1233-656

#BWNDHFL
#65907010590/0# B001 548026303 001538

AHMAD A. IBRAHIM
4137 LOCH MEADE DR
LAKELAND TN 38002-9367

**Memphis Light Gas and Water Division**
**P.O. Box 388**

**Memphis, TN 38145-0388**

000863844 1233656 0/20260220 0000001449 000000047800 8

## Exhibit C. Property Tax Receipt

**REGINA MORRISON NEWMAN, SHELBY COUNTY TRUSTEE**
**P.O.Box 2751**
**Memphis, TN 38101-2751**
**QUESTIONS? Call (901) 222 - 0200**

| PARCEL # | TAXING AUTHORITY | NOTICE TYPE | DATE |
|---|---|---|---|
| [illegible] | LAKELAND | INTERNET RECEIPT | 02/19/2026 11:13 AM |

IBRAHIM MOHAMMAD AND
AHMAD IBRAHIM AND
4137 LOCH MEADE DR
LAKELAND TN 38002-8367

LOT SIZE:
LOT NO: 20
ACREAGE: 0.490

LOCATION: 4137 LOCH MEADE
CLASSIFICATION: R
SUBDIVISION: EAST SHORES PHASE 1

**Property Tax Notice**

| Date | Receipt # | Tax Yr | Bill # | Town | Base Tax | Int | Court | Atty | Misc | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/18/2025 | 80133 | 2025 | [illegible] | L | $2,372.33 | $0.00 | $0.00 | $0.00 | $0.00 | $2,372.33 |

**Total Paid: $2,372.33**

---

**Enter address change here:**

Name: __________
Address: __________
City: ______ State: ______
Signatures: __________
Changes require signatures of all owners

| Year | Amt Paid |
|---|---|
| 2025 | $2,372.33 |
| Total: | $2,372.33 |

Do not write below this line

**ENTER AMOUNT PAID**

Make checks payable to Shelby County Trustee.

REGINA MORRISON NEWMAN, TRUSTEE
P.O.Box 2751
Memphis, TN 38101-2751

**Exhibit D: MLGW Residency Verification Letter**

MEMPHIS LIGHT, GAS AND WATER DIVISION

Hometown Energy • MLGW • Working for You

Date: February 4, 2026

RE: Keyera Ibrahim **(Primary)**
4137 Loch Meade Dr
Lakeland, TN 38002
Acct#000937012-1233656

TO WHOM IT MAY CONCERN:

This letter is to confirm that the above reference address is in the name of **Keyera Ibrahim** as of December 5, 2022. Unfortunately, only one name can appear on the bill.

If you have any further questions, please contact me at 544-6549 between the hours of 8:30 a.m. and 5:00 p.m., Monday through Friday.

Cordially,

*Terri Anderson*
Terri Anderson
Credit Counselor

P. O. BOX 430 MEMPHIS, TENNESSEE 38101-0430 TELEPHONE (901) 528-4011 mlgw.com

## Exhibit E: Individualized Education Program (IEP)

Lakeland School System
10001 US Hwy 70
Lakeland, TN 38002

**Individual Education Program (IEP)**

From: 06/23/2025 To: 06/22/2026
☑ Annual ☐ Amendment

### Student Information

**Student Name:** Demi Celine Ibrahim **Gender:** F **State ID:** 5334391

**Student ID:** 003003146 **Grade:** 02 **Hispanic Ethnicity:** No

**School:** Lakeland Elementary School **DOB:** 07/23/2017 **Race:** American Indian or Alaska Native, Black or African American

**District:**Lakeland School System

| | | | |
|---|---|---|---|
| Primary Disability:<br>Secondary Disability:<br>Tertiary Disability: | Speech Impairments | Re-evaluation of Eligibility Date: | 06/23/2028 |

**Medical Information Summary** none reported at this time

**Relation to Student:** Both Parents **Home Phone:** 901-451-1428
**Name:** Ahmad and Keyera Ibrahim
**Address:** 4137 Loch Meade Dr Lakeland, TN 38002

### Current Information and Consideration of Special Factors for IEP Development

Overview of student's current performance:
Demi's classroom teacher shared that Demi is hard working, friendly, helpful, and positive. She participates in classroom discussions by raising her hand to answer questions, enjoys small groups, and follows directions adequately.

Parent input and concerns:
Mom still wants her comprehension to be addressed and for her response to be streamlined.

Parent prevocational/postsecondary input and concerns:
Mom does some concerns about organization.

Description of the adverse impacts of the disability on the student:
Demi's speech impairment adversely impacts her ability to be understood when communicating with peers and adults, requiring specialized services and supports in order to access and make progress in the general education setting.

1. Does the student have limited English proficiency? No

1a. If yes, what is his/her primary mode of language?

2. Is the student blind or visually impaired? No

2a. Does the student need instruction in Braille?

3. Is the student deaf or hard of hearing? No

If yes, did the IEP Team consider:

3a. If the student is deaf or hard of hearing, did the IEP team consider the student's language and

communication needs?
3b. If the student is deaf or hard of hearing, did the IEP Team consider opportunities for direct communications with peers and professional personnel in the student's language and communication mode?
3c. If the student is deaf or hard of hearing, did the IEP Team consider necessary opportunities for direct instruction in the student's language and communication mode?

4. Does the student have a consistent, reliable, and effective mode of communication across all educational settings? Yes

If the student does not have a consistent, reliable, and effective mode of communication, the team should consider what assistive technology may be necessary for the student to respond and engage with their environment.

5. Is assistive technology necessary for the student to access and participate across all educational settings? (Consider AT needs across the domains of cognitive and academic, adaptive, communication, physical, and social-emotional). If yes, you must enter the AT device/equipment in the Add AT section within Supplementary Aids, Services and LRE. No

5a. Describe the AT considerations:

6. Does the student exhibit a pattern of behaviors that impede their learning or that of others? No

7. Does the student exhibit a pattern of behavior that places the student or others at risk of harm or injury? No

7a. If "Yes" to EITHER 6 or 7 OR BOTH 6 and 7, has the IEP team obtained parental consent to conduct FBA?

7b. If yes to 7a, IEP team has addressed the student's behavior by developing:

7c. Description of additional student supports:

8. Is postsecondary transition being considered for a student under the age of 13y 1d? No

## Present Levels of Academic Achievement and Functional Performance (PLAAFP)

Levels of functioning should, when applicable, include norm referenced and/or criterion referenced data, as well as descriptive information of the student's deficit areas.

**Assessment Area:** Pre-vocational **EXCEPTIONAL?** Yes

**Present Level of Performance:** The prevocational checklist was completed by Demi's teacher. Demi is below average in all 8 areas of classroom performance. She demonstrates average to outstanding performance in all other areas, with a note that the teacher has observed some tardiness and struggles with coin combinations.

Classroom performance: 0/8
Timing: 2/2
Behavior: 10/10
Personal Care: 2/2
Independent Living: 4/4
Cooperation: 3/3
Self help: 5/5

**Does the student's performance require specialized instruction?** Yes

**Impact of Mastery of Standards:** Demi's speech impairment adversely impacts her ability to master grade level standards as they relate to prevocational skills.

**Source(s) of Information:**
Prevocational Date Administered: 05/21/2025

| | |
|---|---|
| SubTest: Prevocational | Met Criterion/Did Not Meet Criterion: Did Not Meet Criterion |

**Assessment Area:** Speech/Language **EXCEPTIONAL?** Yes

**Present Level of Performance:** CELF-5: Demi performed in the average range on tasks on which she had to to point to a picture that matches the given sentence, complete a sentence with the targeted structure (such as past-tense, plural, possessive, etc.), understand relationships between words that share a variety of functional and conceptual relationships, follow oral directions of increasing length and complexity, formulate a sentence about a picture using target words or phrases, recall and reproduce sentences of varying length and complexity, and answer comprehension questions, given a short story read aloud by the examiner.

GFTA-3: In regard to speech sound production, Demi demonstrated a frontal lisp when producing /s/ and /z/ in all positions of words. Her verbal fluency and vocal quality were within functional limits, but an articulation/phonological error pattern problem was identified.

Demi is exceptional in the area of speech, not in language.

**Does the student's performance require specialized instruction?** Yes

**Impact of Mastery of Standards:** Demi's speech errors noted are inconsistent with those expected for her age, which would adversely impact her ability to communicate with others in the educational setting.

**Source(s) of Information:**

| | |
|---|---|
| Clinical Evaluation of Language Fundamentals- Fifth Edition (CELF-5)<br>SubTest: Core Language Score | Date Administered: 05/30/2025<br>Percentile Rank: 45<br>Standard Score: 98 |
| Clinical Evaluation of Language Fundamentals- Fifth Edition (CELF-5)<br>SubTest: Expressive Language Index | Date Administered: 05/30/2025<br>Percentile Rank: 34<br>Standard Score: 94 |
| Clinical Evaluation of Language Fundamentals- Fifth Edition (CELF-5)<br>SubTest: Language Content Index | Date Administered: 05/30/2025<br>Percentile Rank: 18<br>Standard Score: 86 |
| Clinical Evaluation of Language Fundamentals- Fifth Edition (CELF-5)<br>SubTest: Receptive Language Index | Date Administered: 05/30/2025<br>Percentile Rank: 50<br>Standard Score: 100 |
| Goldman-Fristoe Test of Articulation Third Edition (GFTA-3)<br>SubTest: Stimulability | Date Administered: 05/30/2025<br>Other: Demi was stimulable for /s/ at the time of the evaluation. |

## Measurable Annual Goals and Benchmarks/Short-term Instructional Objectives for IEP and Transition Activities

Reported progress on IEP goals and objectives must be provided to parents concurrent with the issuance of report cards.

**Area of Need:** Pre-vocational **Goal 1 of 2**
**Annual Goal:** Given a task from the teacher, Demi will initiate the task and complete it to 70% accuracy independently with no more than 2 redirections in 4 out of 5 opportunities across 3 consecutive school days as measured by teacher observation and data collection with progress reported every 9-week period.

**Area of Need:** Speech/Language **Goal 2 of 2**
**Annual Goal:** Given articulatory placement cues, Demi will correctly produce /s, z/ in the initial, medial, and final position of words, phrases, sentences and in conversation, with 80% accuracy over 3 consecutive therapy sessions, as measured

by biweekly therapist observation and data collection with progress reported every 9-week period.

## Statewide Assessments

**Will the student be taking the general education assessment? Yes**

## Supplementary Aids, Services, and Least Restrictive Environment

**Support(s) or training needed by school personnel in order to support the student in their goal(s):**

## Program Modifications and Accommodations

| Accommodation/Modification | Duration | Area(s) | Acad. | Non-Acad. | Testing | Accommodation or Modification |
|---|---|---|---|---|---|---|

## Special Education and Related Services

**Direct Special Education**

| Type of Service | Provider Title | Sessions Per | Time Per Session | Hours Per Week | Beginning - Ending Dates | Location of Services |
|---|---|---|---|---|---|---|
| Speech/Language | Speech Language Pathologist | 7 times/MON | 30 minutes | 0.883333333333333 | 06/23/2025 - 06/22/2026 | Special Ed Setting |

Support for Goal 1, Goal 2

**Total Special Ed Minutes by Date Range**

| Begin Date | End Date | Minutes per Week |
|---|---|---|
| 06/23/2025 | 06/22/2026 | 53 |

**Note: Service Dates apply during the normal school year, not ESY, unless specified.**

## LRE and General Education

1. Explain the extent, if any, in which the student will not participate with non-disabled peers in the regular class: Demi will not participate with non-disabled peers in the regular class for 30 min, 7 times a month when she is receiving speech therapy.

2. Explain the extent, if any, in which the student will not participate with non-disabled peers in extracurricular and nonacademic activities: Demi will participate with non-disabled peers in extracurricular and nonacademic activities as appropriate.

3. and/or, his/her LEA Home School: Demi attends Lakeland Elementary, which is her LEA Home School.

## Special Transportation

**The student does not require special transportation.**

## Extended School Year (ESY)

**The IEP Team has determined that Extended School Year is not required.**

Gmail G Ibr.
<gingerxpharm@gmail.com>

**Withdrawal Notice**

2 messages

**Kathryn Pickens** Thu, Feb 12, 2026 at <kpickens@lakelandk12.org> 8:00 AM

To: magic1cell@yahoo.com, G Ibrahim

<gingerxpharm@gmail.com>

Cc: Angie Delloso <adelloso@lakelandk12.org>, Joretha

Lockhart <jlockhart@lakelandk12.org>, Donita Carmichael

<dcarmichael@lakelandk12.org>

Good morning,

Following our conversation on Thursday, January 22, and my follow-up email on February 5, I am writing to provide the next steps regarding the enrollment status of Deizel (Preschool), Delilah (1st Grade), and Demi (3rd Grade) Ibrahim.

As previously discussed, the property at 4137 Loch Meade Drive has been reported as vacant, and current records indicate your family has relocated to 8903 Valley Creek Dr. in Arlington. I requested additional documentation to verify your residency within Lakeland city limits with a deadline of yesterday, February 11.

https://mail.google.com/mail/u…=msg-a:s:17661643151712426339 Page 1 of 3 Gmail - Withdrawal Notice 3/12/26, 9:13 AM

Since the requested information was not received, I must now move forward with the standard withdrawal process for students residing outside of the Lakeland School System attendance zone.

Please contact Ms. Carmichael, LES Attendance Secretary, to complete the necessary withdrawal paperwork no later than the close of business today, Thursday, February 12, 2026.

Please let me know if you have any questions or need additional clarification.

Best regards,

Kim Pickens

Director of Student Services

901-317-6011

Student Services Website

Gmail G Ibr. <gingerxpharm@gmail.com>

# Enrollment Re-Enrollment

7 messages

**G Ibr.** <gingerxpharm@gmail.com> Thu, Feb 12, 2026 at 2:16 PM
To: "thorrell@lakelandk12.org" <thorrell@lakelandk12.org>

Meeting needed regarding re-enrollment.

---

**G Ibr.** <gingerxpharm@gmail.com> Thu, Feb 12, 2026 at 2:17 PM
To: "thorrell@lakelandk12.org" <thorrell@lakelandk12.org>

Keyera Ibrahim
901-451-1428

On Thursday, February 12, 2026, G Ibr. <gingerxpharm@gmail.com> wrote:
> Meeting needed regarding re-enrollment.

---

**Ted Horrell** <thorrell@lakelandk12.org> Fri, Feb 13, 2026 at 7:58 AM
To: "G Ibr." <gingerxpharm@gmail.com>
Cc: Angela Delloso <adelloso@lakelandk12.org>

Ms. Ibrahim,

My understanding is that you wish to appeal the school and district's determination that your students do not reside in Lakeland. I have requested the investigation notes and will review them per your request. We have a day of professional learning today, so it will be early next week before I can review the notes and let you know my decision.

Thanks,

Dr. Ted Horrell

Superintendent

Lakeland School System

Phone: (901) 867-5412

Fax: (901) 867-2063

www.lakelandk12.org

LSS LAKELAND SCHOOL SYSTEM — Learn. Grow. Lead. —

[Quoted text hidden]

---

**Ted Horrell** <thorrell@lakelandk12.org> Wed, Feb 18, 2026 at 8:00 AM
To: "G Ibr." <gingerxpharm@gmail.com>
Cc: Angela Delloso <adelloso@lakelandk12.org>

Ms. Ibrahim,

I have reviewed all of the documentation used by school administrators and our Student Services department to make a determination regarding your family's residency. After reviewing the information myself, I am affirming the school's conclusion that your family's residence is no longer at 4137 Loch Meade Drive and that residency within the Lakeland School System attendance area has not been appropriately established. Therefore, your students are not currently eligible to enroll in Lakeland School System.

Dr. Ted Horrell

Superintendent

Lakeland School System

Phone: (901) 867-5412

Fax: (901) 867-2063

www.lakelandk12.org

LSS LAKELAND SCHOOL SYSTEM
Learn. Grow. Lead.

[Quoted text hidden]

---

**G Ibr.** <gingerxpharm@gmail.com> Thu, Feb 19, 2026 at 4:38 PM
To: neal@gibsonperryman.com

[Quoted text hidden]

---

**G Ibr.** <gingerxpharm@gmail.com> Fri, Feb 20, 2026 at 6:11 AM
To: Ted Horrell <thorrell@lakelandk12.org>, Kathryn Pickens <kpickens@lakelandk12.org>, Donita Carmichael <dcarmichael@lakelandk12.org>, Joretha Lockhart <jlockhart@lakelandk12.org>
Cc: Angela Delloso <adelloso@lakelandk12.org>
Bcc: neal@gibsonperryman.com

Mr. Horrell,

Proofs of Residency
"Parents/guardians must provide TWO of the following items showing the parent/guardian's name and address to prove Lakeland residency:"

•Most recent MLGW or municipal water bill

•Mortgage statement or deed

•Real Estate tax receipt

I am requesting to enroll my children back into their public school system at Lakeland Elementary. Attached are the required documents.

Dr. Ibrahim

MLGW

For: **KEYERA C. IBRAHIM**

Services at: **4137 LOCH MEADE DR**

**Meter reader on site on February 12, 2026 at 15:24.**

Page 1 of 2

**UTILITY BILL**
Date: **February 18, 2026**

Amount Due: **$ 612.00**
Due Date: **March 6, 2026**

**Account Number: 00093-7012-1233-656**

| | Readings | | Usage | Amount | Total |
|---|---|---|---|---|---|
| **GAS** | 2/12/26 | 1/22/26 | | | |
| **G-3 Residential Gas** | 738 | 480 | 258 | 301.94 | |
| Includes Purchased Gas Adjustment of 0.6166000/ccf | | | | | **301.94** |
| **ELECTRIC** | 2/12/26 | 1/22/26 | | | |
| **E-1 Residential Electric** | 236430 | 235496 | 934 | 128.24 | |
| Includes TVA Fuel Cost Adjustment of 0.0291180/kwh | | | | | **128.24** |
| **WATER** | 2/12/26 | 1/22/26 | | | |
| **W-51 Residential Water** | 1349 | 1343 | 6 | 25.24 | |
| Your current reading was estimated. | | | | | |
| 9.75% Sales Tax | | | | 2.46 | **27.70** |
| **OTHER MLGW** | | | | | |
| Share The Pennies (2025 Total Contributions $2.63) | | | | 0.41 | **0.41** |
| **OTHER MLGW** | | | | | |
| Smart Meter Connect Charge | | | | 25.21 | **25.21** |

**Service:**

| | |
|---|---|
| Days of Service | 21 |
| Average Utility Cost per Day: | $ 29.14 |
| Average Temperature: | 34 |
| Billing Cycle: | 08 |
| **Next Reading Date:** | **March 13, 2026** |

**Contact:**

| | |
|---|---|
| Non-MLGW | See back of bill. |
| New Service Requests, Transfers, Disconnects, Trouble/Maintenance, Billing Inquiries, Payment Arrangements and Service Reconnects | 844-MLGW (6549) |

**Hours: Monday - Friday 8AM - 6PM**

**My Account Access Code: 613683**
**Pay Online!** www.mlgw.com
**Pay By Phone!** 1-888-315-0277

Payment Arrangements Online at www.mlgw.com/payarrange

**PAYMENTS MUST BE RECEIVED BY 3:00 PM CENTRAL TIME TO POST SAME BUSINESS DAY.**

Current charges are continued on the reverse side.

**If paying in person, please present both portions of bill.**

**Please detach and return in the enclosed envelope with payment.**

MLGW

Please be sure return address appears in the window of the envelope.
***DO NOT USE STAPLES OR PAPERCLIPS.***

**LATE FEE ALLOWANCES: 2**

Amount Due: **$ 612.00**
Due Date: **March 6, 2026**

If received later, amount due is **$634.77**
**Account Number**
**00093-7012-1233-656**

799366003990006371683459318250
To use barcode, a fee of $1.50 applies. See reverse side for details.

#BWNDHFL
#05907829500/0# B001 549525518 000663

KEYERA C. IBRAHIM
4137 LOCH MEADE DR
LAKELAND TN 38002-9367

**Memphis Light Gas and Water Division**
**P.O. Box 388**

**Memphis, TN 38145-0388**

000937012 1233656 6020260306 0000002277 00000061200 9

MEMPHIS LIGHT, GAS AND WATER DIVISION
MLGW

Final

Page 1 of 2

UTILITY BILL
Date: February 5, 2026

For: AHMAD A. IBRAHIM

*NO PERSONAL CHECKS*

Amount Due: $ 478.00
Due Date: February 20, 2026

Services at: 4137 LOCH MEADE DR

Meter reader on site on January 22, 2026 at 12:53.

Account Number: 00086-3844-1233-656

| | Readings | | Usage | Amount | Total |
|---|---|---|---|---|---|
| **GAS** | | | | | |
| G-3 Residential Gas | 1/22/26<br>480 | 12/23/25<br>349 | 131 | 98.56 | |
| includes Purchased Gas Adjustment of 0.1120000/ccf | | | | | 98.56 |
| **ELECTRIC** | | | | | |
| E-1 Residential Electric | 1/22/26<br>235496 | 12/23/25<br>234444 | 1052 | 146.43 | |
| includes TVA Fuel Cost Adjustment of 0.0280300/kwh | | | | | 146.43 |
| **WATER** | | | | | |
| W-51 Residential Water | 1/22/26<br>1343 | 12/23/25<br>1331 | 12 | 44.71 | |
| 9.75% Sales Tax | | | | 4.36 | 49.07 |
| **OTHER MLGW** | | | | | |
| Share The Pennies (2025 Total Contributions $0.00) | | | | 0.58 | 0.58 |
| **OTHER MLGW** | | | | | |
| Connect Charge | | | | 42.00 | 42.00 |

**Service:**

| | |
|---|---|
| Days of Service | 132 |
| Average Utility Cost per Day | $ 3.62 |
| Average Temperature | 47 |
| Billing Cycle | 08 |
| **Next Reading Date:** | **February 12, 2026** |

**Contact:**

Non-MLGW — See back of bill

New Service Requests, Transfers, Disconnects, Trouble/Maintenance, Billing Inquiries, Payment Arrangements and Service Reconnects — 544-MLGW (6549)

**Hours: Monday – Friday 8AM – 6PM**

**My Account Access Code: 606096**
**Pay Online!** www.mlgw.com
**Pay By Phone!** 1-866-315-0277

*Payment Arrangements Online at www.mlgw.com/payarrange*

**PAYMENTS MUST BE RECEIVED BY 3:00 PM CENTRAL TIME TO POST SAME BUSINESS DAY**

* Your account is not eligible to be paid by personal Check.

**Current charges are continued on the reverse side.**

**If paying in person, please present both portions of bill.**

**Please detach and return in the enclosed envelope with payment.**

MEMPHIS LIGHT, GAS AND WATER DIVISION
MLGW

Final

P

*Please be sure return address appears in the window of the envelope.*
***DO NOT USE STAPLES OR PAPERCLIPS.***

Amount Due: $ 478.00
Due Date: February 20, 2026

**LATE FEE ALLOWANCES: 0**

If received later, amount due is $492.49
Account Number
00086-3844-1233-656

#BWNDHFL
#65907010590/0# B001 548026303 001538

AHMAD A. IBRAHIM
4137 LOCH MEADE DR
LAKELAND TN 38002-9367

Memphis Light Gas and Water Division
P.O. Box 388

Memphis, TN 38145-0388

000863844 1233656 0/20260220 0000001449 000000047800 8

**REGINA MORRISON NEWMAN, SHELBY COUNTY TRUSTEE**
P.O.Box 2751
Memphis, TN 38101-2751
**QUESTIONS? Call (901) 222 - 0200**

| PARCEL # | TAXING AUTHORITY | NOTICE TYPE | DATE |
|---|---|---|---|
| L0150F A00019 | LAKELAND | INTERNET RECEIPT | 02/19/2026 11:13 AM |

IBRAHIM MOHAMMAD AND
AHMAD IBRAHIM AND
4137 LOCH MEADE DR
LAKELAND TN 38002-9367

LOT SIZE:
LOT NO: 20
ACREAGE: 0.491

LOCATION: 4137 LOCH MEADE
CLASSIFICATION: R
SUBDIVISION: EAST SHORES PHASE I

**Property Tax Notice**

| Date | Receipt # | Tax Yr | Bill # | Town | Base Tax | Int | Court | Atty | Misc | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/19/2025 | 80133 | 2025 | 25403900 | L | $2,372.33 | $0.00 | $0.00 | $0.00 | $0.00 | $2,372.33 |

**Total Paid: $2,372.33**

---

**Enter address change here:**

Name:

Address:

City: State:

Signature:
Changes require signatures of all owners

| Year | Amt Paid |
|---|---|
| 2025 | $2,372.33 |
| Total: | $2,372.33 |

Do not write below this line

**ENTER AMOUNT PAID**

Make checks payable to Shelby County Trustee.

REGINA MORRISON NEWMAN, TRUSTEE
P.O.Box 2751
Memphis, TN 38101-2751


2:06
Lakeland
January 22 6:30 PM
HDR


2:07
Lakeland
January 22 6:30 PM
HDR
00:03.69
01:31


2:07
Lakeland
January 22 6:30 PM
HDR
00:17.84
01:17


2:07
Lakeland
January 22 6:30 PM
HDR
01:07.80
00:27


2:07
Lakeland
January 22 6:30 PM
HDR
00:47.45
00:48

BARTLETT INCOME PROPERTY: 8903 Valley Creek Dr 38002 photos below



**Bartlett**

July 1, 2025 6:08 PM

LIVE



**Bartlett**
July 1, 2025 6:08 PM

LIVE







Today
11:47 AM

LIVE



August 10, 2025 8:53 PM



October 15, 2025 3:44 PM

LIVE



IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| **KEYERA IBRAHIM, individually and as Parent and Next Friend of Minor Children D.I. (14), D.I. (8), D.I. (6), and D.I. (5),** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CT-1185-26** |
| | ) | **DIVISION VI** |
| **LAKELAND SCHOOL DISTRICT, LAKELAND BOARD OF EDUCATION, and TED HORRELL, SUPERINTENDENT** | ) | FILED APR 17 2026 CIRCUIT COURT CLERK BY ___ D.C. |
| **Defendants.** | ) | |

**CONSENT ORDER GRANTING PLAINTIFF'S RELIEF AS REQUESTED IN PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND EXPEDITED INJUNCTION**

On April 7, 2026, this matter came before the Court on Plaintiff's Motion for Temporary Restraining Order and Expedited Injunction. Counsel for Defendants advised the Court that Defendants had reenrolled the minor children in Lakeland City Schools, resumed IEP services for mild child D.I. (8), and initiated an evaluation under the IDEA for minor child D.I. (6), pursuant to this Court's Order on March 26, 2026. Counsel for Defendants also advised the Court that Lakeland City Schools would agree to keep the children enrolled for the remainder of the 2025-2026 academic year.

Accordingly, Plaintiff's Motion is moot. Lakeland City Schools will coordinate with Plaintiff to develop a plan to address any missed instructional time, and the parties will work collaboratively to resolve any remaining school-level issues arising from the period during which the minor children were unenrolled from Lakeland City Schools. Lakeland City Schools shall

make all reasonable efforts to ensure that the enrolled minor children do not experience any adverse effects arising from the litigation between Plaintiff and Defendants, which includes not taking any retaliatory or adverse action against the minor children based on Plaintiff's assertion of legal rights and not communicating matters related to the litigation with the minor children.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1. Plaintiff's Motion for Temporary Restraining Order and Expedited Injunction is **GRANTED BY CONSENT** of the parties;

2. The parties will work collaboratively to resolve any remaining school-level issues arising from the time period that the minor children were unenrolled in Lakeland City Schools, including a plan to address any missed instructional time; and

3. Lakeland City Schools shall make all reasonable efforts to ensure that the enrolled minor children do not experience any adverse effects arising from the litigation between Plaintiff and Defendants, which includes not taking any retaliatory or adverse action against the minor children based on Plaintiff's assertion of legal rights and not communicating matters related to the litigation with the minor children.

HONORABLE CEDRICK D. WOOTEN

4/17/26

DATE

**APPROVED**:

*/s/ Ryan L. Rosenkrantz*
Katherine Kimmel (BPR #38320)
LEWIS THOMASON, P.C.
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
kkimmel@lewisthomason.com
Direct Line: (615) 574-6731

and

Ryan L. Rosenkrantz (BPR #41320)
LEWIS THOMASON, P.C.
40 S. Main Street, Suite 2900
Memphis, TN 38103
rrosenkrantz@lewisthomason.com
Direct Line: (901) 577-6148
*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent, via certified mail and email, to the following:

Dr. Keyera Ibrahim
4137 Loch Meade Dr.
Lakeland, TN 38002
keyeraibrahim@yahoo.com
*Pro Se Plaintiff*

This the 17th day of April, 2026.

*/s/ Ryan L. Rosenkrantz*
Ryan L. Rosenkrantz

ELECTRONICALLY FILED
2026 Apr 22 3:22 PM
CLERK OF COURT - CIRCUIT

**IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

---

| | | |
|---|---|---|
| **KEYERA IBRAHIM, individually and as Parent and Next Friend of Minor Children D.I. (14), D.I. (8), D.I. (6), and D.I. (5),** | **)** | |
| **Plaintiff,** | **)** | |
| **v.** | **)** | **Case No. CT-1185-26** |
| | **)** | **DIVISION VI** |
| **LAKELAND SCHOOL DISTRICT, LAKELAND BOARD OF EDUCATION, and TED HORRELL, SUPERINTENDENT** | **)** | |
| **Defendants.** | **)** | |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AS MOOT OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

---

Lakeland School System (incorrectly named as "Lakeland School District") (" District"), Lakeland Board of Education ("Board"), and Ted Horrell ("Dr. Horrell") (collectively "Defendants"), by and through counsel and pursuant to Rules 8 and 12 of the Tennessee Rules of Civil Procedure, hereby submit this memorandum of law in support of their motion to dismiss Plaintiff's Amended Complaint as moot, or, in the alternative, motion for a more definite statement:

## INTRODUCTION

This matter arises from a residency determination conducted by Defendants. Based on the results of their investigation, Defendants determined that Plaintiff and her minor children were no longer residing in the Lakeland City Schools municipal boundaries, and, upon ample

notice and opportunity to respond given to the Plaintiff, withdrew the children from their enrollment in Lakeland City Schools.

Plaintiff's Complaint and Amended Complaint both seek re-enrollment of the children, restoration of services under the IDEA for D.I. (8), an evaluation under the IDEA for D.I. (6), no further retaliation, and no communication regarding the litigation with the minor children. See "Request for Relief," Amen. Compl. p. 6. In the best interests of the children, Defendants consented to the relief sought by Plaintiff at a hearing on April 7, 2026, and a corresponding consent order solidifying Defendants' acquiescence was entered on April 17, 2026. See Consent Order Granting Plaintiff's Relief as Requested in Plaintiff's Motion for Temporary Restraining Order and Expedited Injunction, entered April 17, 2026. Because Plaintiff has obtained the relief she sought in her Amended Complaint, Plaintiff's claims are moot.

## FACTS AND PROCEDURAL HISTORY

Plaintiff filed her Complaint for Declaratory and Injunctive Relief on March 12, 2026. The following day, Plaintiff filed an Amended Complaint to correct some of her exhibits. Amen. Compl., filed March 13, 2026. Both the Complaint and Amended Complaint included a Request for a Temporary Restraining Order and Expedited Injunction.

Plaintiff served Defendants with a copy of the Complaint (and not the Amended Complaint) on March 25, 2026. On March 26, 2026, before she had successfully served Defendants with either the Complaint or Amended Complaint, Plaintiff approached the court requesting an "emergency injunction for re-enrollment of minor children pending hearing" and a hearing date and time. See Emergency Injunction for Temporary Restraining Order and Expedited Injunction, filed March 23, 2026. This Court granted the Plaintiff's motion, and the hearing was set for April 7, 2026, at 10:00 a.m.

At the April 7, 2026, hearing, counsel for Defendants advised the Court that Defendants had reenrolled the minor children in Lakeland City Schools, resumed IEP services for mild child D.I. (8), and initiated an evaluation under the IDEA for minor child D.I. (6), pursuant to this Court's Order on March 26, 2026. See Consent Order Granting Plaintiff's Relief as Requested in Plaintiff's Motion for Temporary Restraining Order and Expedited Injunction, entered April 17, 2026. Counsel for Defendants also advised the Court that Lakeland City Schools would agree to keep the children enrolled for the remainder of the 2025-2026 academic year. Id. Lakeland City Schools agreed to coordinate with Plaintiff to develop a plan to address any missed instructional time, and the parties agreed to work collaboratively to resolve any remaining school-level issues arising from the period during which the minor children were unenrolled from Lakeland City Schools. Id. Lakeland City Schools also agreed to make all reasonable efforts to ensure that the enrolled minor children do not experience any adverse effects arising from the litigation between Plaintiff and Defendants, which includes not taking any retaliatory or adverse action against the minor children based on Plaintiff's assertion of legal rights and not communicating matters related to the litigation with the minor children. Id.

Accordingly, Plaintiff's relief has been granted by consent of Defendants. Plaintiff no longer has any remaining justiciable claims before this Court, and accordingly, Plaintiff's claims are moot. In the alternative, Defendants move for a more definite statement as to the relief she seeks, clarifying: (1) whether Plaintiff seeks monetary damages; (2) the specific legal cause or causes of action under which such damages are sought; and (3) the factual allegations supporting each element of any such claim. Only with such clarification can Defendants meaningfully respond and the litigation proceed, if at all, on clearly defined and justiciable issues.

## LAW AND ARGUMENT

I. **Legal Standard**

**A. Mootness**

Tennessee courts are constitutionally limited to deciding actual, ongoing controversies. Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty., 301 S.W.3d 196, 203-04 (Tenn. 2009). A case must involve a "real and existing" dispute from which the court can grant effective relief." Id. A case becomes moot when it "has lost its justiciability either by court decision, acts of the parties, or some other reason occurring after the commencement of the case." Id. at 204 (collecting cases); see also Alliance for Native Am. Indian Rights in Tenn., Inc. v. Nicely, 182 S.W.3d 333, 338 (Tenn. Ct. App. 2005) ("A moot case is one that has lost its justiciability because it no longer involves a present, ongoing controversy.").

**B. Motion for More Definite Statement**

Tennessee Rule of Civil Procedure 12.05, entitled "Motion for a More Definite Statement," provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Tenn. R. Civ. P. 12.05. Whether to grant or deny a motion for a more definite statement is within the sound discretion of the trial court. Heath v. Cornelius, 511 S.W.2d 683, 685 (Tenn. 1974).

Further, pursuant to the Tennessee Rules of Civil Procedure, a complaint must contain a short and plain statement of the claim and "a demand for judgment for the relief the pleader seeks." Tenn. R. Civ. P. 8.01. Accordingly, Tennessee courts require a plaintiff "to set forth in his complaint" that which he or she seeks to recover. Newcomb v. Kohler Co., 222 S.W.3d 368, 384 (Tenn. Ct. App. 2006).

**II. Plaintiff's claims are moot because Defendants consented to the relief she requested; to the extent Plaintiff intends to continue litigation outside of the issues addressed at the hearing, Plaintiff must make those claims with specificity to give Defendants the opportunity to respond.**

**A. Plaintiff's claims are moot.**

Plaintiff's Complaint and Amended Complaint both seek re-enrollment of the children, restoration of services under the IDEA for D.I. (8), an evaluation under the IDEA for D.I. (6), no further retaliation, and no communication regarding the litigation with the minor children. See "Request for Relief," Amen. Compl. p. 6. A corresponding consent order granting all requested relief was entered on April 17, 2026. See Consent Order Granting Plaintiff's Relief as Requested in Plaintiff's Motion for Temporary Restraining Order and Expedited Injunction, entered April 17, 2026. Because Plaintiff has obtained the relief she sought, Plaintiff's claims are moot.

The only remaining Paragraph in Plaintiff's Request for Relief is a request that the Court "declare the school district's removal decision unlawful." This request does not preserve a live controversy. Tennessee courts do not issue advisory opinions or declarations concerning past conduct where no ongoing or future legal rights are affected. See Norma Faye Pyles Lynch Family Purpose LLC, 301 S.W.3d at 203-04. Here, a determination as to the underlying residency determination has no present legal effect: Defendants have agreed to all injunctive relief sought by Plaintiff, and Plaintiff has not made any request for damages. A declaratory judgment concerning the prior withdrawal decision would not afford Plaintiff any additional, effective relief and would amount to an impermissible advisory opinion. Any future residency determination would necessarily depend on future facts and circumstances and would be subject to notice, process, and independent review at that time. Accordingly, because Plaintiff has

obtained all relief requested and no justiciable controversy remains, Plaintiff's claims should be dismissed as moot.

**B. In the alternative, Plaintiff must make a more definite statement specifying the precise claims and relief sought so that Defendants may meaningfully respond.**

In the alternative to dismissal, Defendants respectfully request that the Court require Plaintiff to file a more definite statement pursuant to Tennessee Rule of Civil Procedure 12.05. Plaintiff's pleadings primarily seek injunctive and declaratory relief related to the withdrawal and re-enrollment of the minor children, the resumption of IDEA services, and assurances against retaliation. Each of those issues has been fully resolved by Defendants' compliance with this Court's March 26, 2026 Order and the Consent Order entered April 17, 2026. Plaintiff therefore fails to identify any unresolved claim corresponding to the relief actually requested in the Prayer for Relief.

Notwithstanding the absence of any request for monetary damages in the Prayer for Relief, Plaintiff alleges (within the "Educational Harm" section of the Amended Complaint) that Defendants' actions caused "significant financial strain," including costs associated with counseling services, supplemental education, and previously paid preschool tuition in the amount of $1,500.00. Am. Compl. ¶¶ 45-48. Plaintiff does not, however, identify any cause of action under which such expenditures are recoverable, does not allege the elements of a negligence or other tort claim, and does not demand damages as relief. To the extent Plaintiff intends these allegations to be construed as a claim for monetary damages, those intentions are not pled with sufficient clarity to permit Defendants to admit, deny, or assert appropriate defenses.

Tennessee law requires a plaintiff to set forth with reasonable specificity both the claims asserted and the relief sought. See Newcomb v. Kohler Co., 222 S.W.3d 368, 384 (Tenn. Ct.

App. 2006). Rule 12.05 exists to prevent litigation from proceeding on ambiguous pleadings that force defendants to speculate as to the nature of the claims against them. Absent a clear statement identifying whether Plaintiff seeks damages, the legal theory supporting any such claim, and the factual basis tying Defendants' conduct to compensable loss, Defendants cannot reasonably be required to respond.

Accordingly, to the extent that Plaintiff is seeking anything outside of her prayer for relief that has not been previously addressed by the re-enrollment of her minor children through the Consent Order, entered April 17, 2026,, Defendants seek a more definite statement as to the relief she seeks clarifying: (1) whether Plaintiff seeks monetary damages; (2) the specific legal cause or causes of action under which such damages are sought; and (3) the factual allegations supporting each element of any such claim. Only with such clarification can Defendants meaningfully respond, and the litigation proceed, if at all, on clearly defined and justiciable issues.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims are moot. Defendants consented to, and this Court entered, an order granting the relief sought by the Plaintiff. Because Plaintiff has obtained all of the relief she sought and no live controversy remains, this action should be dismissed in its entirety.

In the alternative, if the Court determines that Plaintiff has well-pleaded claims beyond those resolved by the Consent Order, Defendants respectfully request that the Court require Plaintiff to file a more definite statement pursuant to Tennessee Rule of Civil Procedure 12.05. As currently pled, Plaintiff's allegations, particularly those referencing financial expenditures in the "Educational Harm" section, fail to identify any cognizable cause of action or demand for

damages with sufficient clarity to permit Defendants to respond. Requiring a more definite statement will ensure that any further proceedings are limited to clearly defined, justiciable claims and will prevent Defendants from being forced to speculate as to the nature and scope of Plaintiff's remaining allegations.

Respectfully submitted:

*/s/ Ryan L. Rosenkrantz*
Katherine Kimmel (BPR #03820)
LEWIS THOMASON, P.C.
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
kkimmel@lewisthomason.com
Direct Line: (615) 574-6731
and
Ryan L. Rosenkrantz (BPR # 041320)
LEWIS THOMASON, P.C.
40 S. Main Street, Suite 2900
Memphis, TN 38103
rrosenkrantz@lewisthomason.com
Direct Line: (901) 577-6148

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of April, 2026, a true and correct copy of the foregoing has been delivered to Plaintiff via certified mail with a courtesy copy via email to:

Dr. Keyera Ibrahim
4137 Loch Meade Dr.
Lakeland, TN 38002
keyeraibrahim@yahoo.com

/s/ *Ryan Rosenkrantz*
RYAN L. ROSENKRANTZ

ELECTRONICALLY FILED
2026 Apr 22 3:22 PM
CLERK OF COURT - CIRCUIT

**IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

| | | |
|---|---|---|
| **KEYERA IBRAHIM, individually and as Parent and Next Friend of Minor Children D.I. (14), D.I. (8), D.I. (6), and D.I. (5),** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CT-1185-26** |
| | ) | **DIVISION VI** |
| **LAKELAND SCHOOL DISTRICT, LAKELAND BOARD OF EDUCATION, and TED HORRELL, SUPERINTENDENT** | ) | |
| **Defendants.** | ) | |

**MOTION TO DISMISS AS MOOT OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

Lakeland School System (incorrectly named as "Lakeland School District") (" District"), Lakeland Board of Education ("Board"), and Ted Horrell ("Dr. Horrell") (collectively "Defendants"), by and through counsel and pursuant to Rules 8 and 12 of the Tennessee Rules of Civil Procedure, hereby move this Court for dismissal of Plaintiff's Amended Complaint as moot. In the alternative, Defendants move this Court for the entry of an order requiring Plaintiff to make a more definite statement. In support thereof, Defendants submit as follows:

1. Plaintiff's Amended Complaint seeks re-enrollment of the children, restoration of services under the IDEA for D.I. (8), an evaluation under the IDEA for D.I. (6), no further retaliation, and no communication regarding the litigation with the minor children. See "Request for Relief," Amen. Compl. p. 6.

2. In the best interests of the children, Defendants consented to the relief sought by Plaintiff at a hearing on April 7, 2026, and a corresponding consent order solidifying Defendants' acquiescence was entered on April 17, 2026. See Consent Order Granting Plaintiff's Relief as Requested in Plaintiff's Motion for Temporary Restraining Order and Expedited Injunction, entered April 17, 2026.

3. Because Plaintiff has obtained the relief she sought in her Amended Complaint, Plaintiff's claims are moot.

4. In the alternative, Defendants move for a more definite statement.

5. Plaintiff's claims seek injunctive and declaratory relief related to the withdrawal and re-enrollment of the minor children, the resumption of IDEA services, and assurances against retaliation. Each of those issues has been fully resolved by Defendants' compliance with this Court's March 26, 2026 Order and the corresponding Consent Order entered April 17, 2026.

6. Plaintiffs' Amended Complaint therefore fails to identify any unresolved claim corresponding to the Request for Relief.

7. Notwithstanding the absence of any request for monetary damages in the Request for Relief, Plaintiff alleges (within the "Educational Harm" section of the Amended Complaint) that Defendants' actions caused "significant financial strain," including costs associated with counseling services, supplemental education, and previously paid preschool tuition in the amount of $1,500.00. Am. Compl. ¶¶ 45-48.

8. Plaintiff does not, however, identify any cause of action under which such expenditures are recoverable, does not allege the elements of a negligence or other tort claim, and does not demand damages as relief.

9. To the extent Plaintiff intends these allegations to be construed as a claim for monetary damages, those intentions are not pled with sufficient clarity to permit Defendants to admit, deny, or assert appropriate defenses.

10. Accordingly, to the extent that Plaintiff is seeking anything outside of her prayer for relief that has not been previously addressed by the re-enrollment of her minor children, Defendants seek a more definite statement as to the relief sought, clarifying: (1) whether Plaintiff seeks monetary damages; (2) the specific legal cause or causes of action under which such damages are sought; and (3) the factual allegations supporting each element of any such claim. Only with such clarification can Defendants meaningfully respond and the litigation proceed, if at all, on clearly defined and justiciable issues.

11. In further support of this motion, Defendants submit a contemporaneously filed memorandum of law.

WHEREFORE, Lakeland School System, Lakeland Board of Education, and Dr. Ted (collectively "Defendants") respectfully request that the Amended Complaint filed against them be dismissed with prejudice and that the dismissal as to said Defendants be designated as a final judgment per Tennessee Rule of Civil Procedure 54.02, there being no just reason for delay; or, in the alternative, Defendants respectfully request that this Honorable Court enter an order requiring Plaintiff to provide a more definite statement as to the relief sought, clarifying (1) whether Plaintiff seeks monetary damages; (2) the specific legal cause or causes of action under which such damages are sought; and (3) the factual allegations supporting each element of any such claim.

Respectfully submitted:

*/s/ Ryan L. Rosenkrantz*
Katherine Kimmel (BPR #03820)
LEWIS THOMASON, P.C.
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
kkimmel@lewisthomason.com
Direct Line: (615) 574-6731
and
Ryan L. Rosenkrantz (BPR # 041320)
LEWIS THOMASON, P.C.
40 S. Main Street, Suite 2900
Memphis, TN 38103
rrosenkrantz@lewisthomason.com
Direct Line: (901) 577-6148

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 22nd day of April, 2026, a true and correct copy of the foregoing has been delivered to Plaintiff via certified mail with a courtesy copy via email to:

Dr. Keyera Ibrahim
4137 Loch Meade Dr.
Lakeland, TN 38002
keyeraibrahim@yahoo.com

/s/ *Ryan Rosenkrantz*
RYAN L. ROSENKRANTZ

FILED
JAMITA E. SWEARENGEN
APR 23 2026
CIRCUIT COURT CLERK
BY ________ D.C.

IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE

KEYERA IBRAHIM, individually and as

Parent and Next Friend of Minor Children

D.I. (14), D.I. (8), D.I. (6), and D.I. (5),

Plaintiff,

v.

LAKELAND SCHOOL SYSTEM,

LAKELAND BOARD OF EDUCATION, and

TED HORRELL, in his official capacity as Superintendent,

Defendants.

Case No. CT-1185-26

Division VI

**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff respectfully moves this Court for leave to file a Second Amended Complaint pursuant to Rule 15.01 of the Tennessee Rules of Civil Procedure.

1. Plaintiff seeks to clarify prior pleadings and properly identify Lakeland School System (previously Lakeland School District).

2. The amendment arises from the same transactions and occurrences.

3. The amendment clarifies claims and relief and does not prejudice Defendants.

4. A copy of the proposed Second Amended Complaint is attached as Exhibit A.

WHEREFORE, Plaintiff requests that the Court grant leave to file the Second Amended Complaint.

Respectfully submitted,

Keyera Ibrahim

Pro Se Plaintiff

4137 Loch Meade Dr.

Lakeland, TN 38002

CERTIFICATE OF SERVICE

I certify a copy was served on Defendants via e-filing/email on 4/23, 2026.

Keyera Ibrahim

Pro Se

FILED
JAMITA E. SWEARENGEN
APR 23 2026
CIRCUIT COURT CLERK
BY ____ D.C.

IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE

KEYERA IBRAHIM, individually and as Parent and Next Friend of Minor Children D.I. (14), D.I. (8), D.I. (6), and D.I. (5),

Plaintiff,

V.

LAKELAND SCHOOL SYSTEM,

LAKELAND BOARD OF EDUCATION, and

TED HORRELL, in his official capacity as Superintendent,

Defendants.

Case No. CT-1185-26

Division VI

**SECOND AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF**

Plaintiff files this Second Amended Complaint to correct and complete prior pleadings, including clarification of the proper identification of Defendant Lakeland School System, previously referenced as Lakeland School District, and to clarify the full scope of relief sought, including declaratory, injunctive, and monetary relief, all arising from the same transactions and occurrences.

**I. PARTIES**

1. Plaintiff, Keyera Ibrahim, is an adult resident of Shelby County, Tennessee and is the parent and legal guardian of the minor children D.I. (14), D.I. (8), D.I. (6), and D.I. (5).

2. Defendant, Lakeland School System (previously referenced as Lakeland School District), is a public school system responsible for providing public education to resident children within its jurisdiction in Shelby County, Tennessee.

3. Defendant, Lakeland Board of Education, is the governing body responsible for the policies, practices, and oversight of the Lakeland School System.

4. Defendant, Ted Horrell, is the Superintendent of Lakeland School System and is sued in his official capacity. At all relevant times, he acted under color of state law and was responsible for implementing and enforcing the policies and decisions at issue.

## II. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to Tennessee law and federal law, including 42 U.S.C. § 1983. Venue is proper in Shelby County, Tennessee.

## III. FACTUAL ALLEGATIONS

5. Plaintiff's children were enrolled in Lakeland School System beginning August 2023.

6. Plaintiff resides in Lakeland, Tennessee.

7. On December 4, 2025, at approximately 8:15 a.m., Plaintiff had a brief interaction with another parent concerning issues related to her children. No criminal charges or findings resulted from this interaction.

8. At approximately 8:25 a.m. the same day, Plaintiff reported bullying involving a student connected to a school employee and requested that the school investigate the matter.

9. On December 6, 2025, Defendant Ted Horrell sent correspondence stating that Plaintiff was restricted from school property based on alleged code of conduct violations.

10. In the days that followed, Plaintiff received communications threatening arrest related to dropping off her children, despite having been given permission to do so.

11. Defendants' actions escalated beyond the initial restriction and were used to exert pressure on Plaintiff and her family, ultimately contributing to the removal of the minor children from enrollment under the asserted basis of residency.

12. Defendants initiated a residency investigation without identifying a factual basis.

13. Plaintiff attempted to provide documentation but was denied a meaningful opportunity to do so.

14. At least one minor child had an active Individualized Education Program (IEP), and another was undergoing evaluation for eligibility under applicable special education laws.

15. Defendants failed to adequately investigate or remediate the reported bullying and failed to ensure a safe educational environment.

16. On February 12, 2026, Defendants removed the children from school without adequate notice or opportunity to be heard.

17. Defendants' actions disrupted ongoing educational services and evaluations requiring continuity and procedural safeguards.

18. Plaintiff was denied re-enrollment despite providing documentation.

19. Defendants conducted an appeal without Plaintiff's participation.

20. Plaintiff sought judicial intervention through an Emergency Motion.

21. Only after court involvement did Defendants reenroll the children and restore services.

22. On April 7, 2026, this Court entered a Consent Order restoring enrollment and services.

23. The Consent Order addressed immediate circumstances but did not adjudicate the legality of Defendants' conduct or resolve Plaintiff's claims for damages.

24. The sequence of events described herein is further reflected in contemporaneous written communications and records maintained by Plaintiff, which will be submitted as exhibits and demonstrate the temporal relationship between Plaintiff's protected activity and Defendants' actions.

## IV. CLAIMS FOR RELIEF

### COUNT I – RETALIATION (42 U.S.C. § 1983)

25. Plaintiff realleges all prior paragraphs.

26. Plaintiff engaged in protected activity by reporting bullying and safety concerns.

27. Defendants were aware of this activity.

28. Shortly thereafter, Defendants took adverse action including removal from enrollment and escalation of enforcement actions.

29. The temporal proximity and surrounding circumstances support a reasonable inference of retaliatory motive.

30. Defendants acted under color of state law.

### COUNT II – VIOLATION OF CIVIL RIGHTS (DUE PROCESS, 42 U.S.C. § 1983)

31. Plaintiff realleges all prior paragraphs.

32. Plaintiff's minor children had a protected property interest in continued access to public education.

33. Defendants deprived Plaintiff of this interest without adequate notice or opportunity to be heard.

**COUNT III – DECLARATORY RELIEF**

34. Plaintiff realleges all prior paragraphs.

35. A declaration is necessary to determine the legality of Defendants' conduct and to resolve Plaintiff's claims for damages.

**COUNT IV – INJUNCTIVE RELIEF**

36. Plaintiff seeks injunctive relief to ensure continued compliance and prevent recurrence.

**COUNT V – NEGLIGENCE**

37. Defendants owed a duty to maintain a safe educational environment.

38. Defendants breached this duty by failing to investigate and address reported bullying.

39. Defendants failed to follow established procedures and standards.

40. These acts were operational in nature and not discretionary policy decisions.

**COUNT VI – DAMAGES**

41. Plaintiff seeks compensatory damages for educational disruption, emotional distress, and related losses caused by Defendants' conduct.

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests declaratory relief, injunctive relief, compensatory damages, costs, and such further relief as the Court deems appropriate.

Award reasonable attorney's fees and costs as permitted by law.

**VI. JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

Keyera Ibrahim
Pro Se Plaintiff
4137 Loch Meade Dr.
Lakeland, TN 38002
keyeraibrahim@yahoo.com

Keyera Ibrahim

Pro Se Plaintiff

4137 Loch Meade Dr.

Lakeland, TN 38002

CERTIFICATE OF SERVICE

I certify a copy was served on Defendants via e-filing/email on 4/23, 2026.

Keyera Ibrahim

Pro Se

IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED
JAMITA E. SWEARENGEN
APR 28 2026
CIRCUIT COURT CLERK
BY ________ D.C.

KEYERA IBRAHIM, individually and as
Parent and Next Friend of Minor Children
D.I. (14), D.I. (8), D.I. (6), and D.I. (5),

Plaintiff,
v.

LAKELAND SCHOOL SYSTEM,
LAKELAND BOARD OF EDUCATION, and
TED HORRELL, in his official capacity as Superintendent,

Defendants.

Case No. CT-1185-26
Division VI

**NOTICE OF HEARING**

Please take notice that Plaintiff's Motion for Leave to File Second Amended Complaint is set for hearing before the Court as follows:

Date: May 1, 2026
Time: 1:00 p.m.
Location: Circuit Court for Shelby County, Tennessee, Division VI

All parties are expected to appear and be prepared to address the matters set for hearing.

Respectfully submitted,

Keyera Ibrahim
Pro Se Plaintiff
4137 Loch Meade Dr.
Lakeland, TN 38002
keyeraibrahim@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon counsel for Defendants via e-filing/email on this 27th day of April, 2026.

Keyera Ibrahim

ELECTRONICALLY FILED
2026 Apr 29 2:39 PM
CLERK OF COURT - CIRCUIT

**IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

| | | |
|---|---|---|
| **KEYERA IBRAHIM, individually and as Parent and Next Friend of Minor Children D.I. (14), D.I. (8), D.I. (6), and D.I. (5),** | ) | |
| **Plaintiff,** | ) | **Case No. CT-1185-26** |
| **v.** | ) | **DIVISION VI** |
| **LAKELAND SCHOOL DISTRICT, LAKELAND BOARD OF EDUCATION, and TED HORRELL, SUPERINTENDENT** | ) | |
| **Defendants.** | ) | |

**NOTICE OF APPEARANCE OF RYAN L. ROSENKRANTZ**
**AND KATHERINE KIMMEL**

Notice is hereby given of the appearance of Ryan L. Rosenkrantz and Katherine Kimmel, of the law firm of Lewis Thomason, P.C., as counsel for the Defendants, Lakeland School System (incorrectly named as "Lakeland School District"), Lakeland Board of Education, and Ted Horrell, in the above-styled case. We respectfully request this Court to also direct all future correspondence and filings in this case to these attorneys.

Respectfully submitted:

*/s/ Ryan L. Rosenkrantz*
Katherine Kimmel (BPR #038320)
LEWIS THOMASON, P.C.
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
kkimmel@lewisthomason.com
Direct Line: (615) 574-6731

and

Ryan L. Rosenkrantz (BPR # 041320)
LEWIS THOMASON, P.C.
40 S. Main Street, Suite 2900
Memphis, TN 38103
rrosenkrantz@lewisthomason.com
Direct Line: (901) 577-6148

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 29th day of April, 2026, a true and correct copy of the foregoing has been delivered to Plaintiff via certified mail with a courtesy copy via email to:

Dr. Keyera Ibrahim
4137 Loch Meade Dr.
Lakeland, TN 38002
keyeraibrahim@yahoo.com

/s/ *Ryan Rosenkrantz*
RYAN L. ROSENKRANTZ

**IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

---

**KEYERA IBRAHIM, individually and as Parent and Next Friend of Minor Children D.I. (14), D.I. (8), D.I. (6), and D.I. (5),**

**Plaintiff,**

**v.**

**LAKELAND SCHOOL DISTRICT, LAKELAND BOARD OF EDUCATION, and TED HORRELL, SUPERINTENDENT**

**Defendants.**

**Case No. CT-1185-26**
**DIVISION VI**

FILED
MAY 22 2026
CIRCUIT COURT CLERK
BY ____ D.C.

---

**CONSENT ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

---

This matter comes before the Court upon the Motion for Leave to File Second Amended Complaint filed by Plaintiff Keyera Ibrahim on April 23, 2026. Although Defendants dispute the allegations contained in the proposed Second Amended Complaint, Defendants acknowledge the liberal standard for allowing such amendment and do not contest the ability of the Plaintiff to amend at this point. As indicated by the signature of counsel below, Defendants have consented to the Motion allowing Plaintiff to amend her Complaint. Accordingly, the Motion is hereby granted, and the Plaintiff is allowed to file the Second Amended Complaint in this matter.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT** Plaintiff is allowed to file the Second Amended Complaint attached as "Exhibit A" to her motion.

HONORABLE CEDRICK D. WOOTEN

5/22/26
DATE

**APPROVED**:

/s/ Ryan L. Rosenkrantz
Katherine Kimmel (BPR #38320)
LEWIS THOMASON, P.C.
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
kkimmel@lewisthomason.com
Direct Line: (615) 574-6731
and
Ryan L. Rosenkrantz (BPR #41320)
LEWIS THOMASON, P.C.
40 S. Main Street, Suite 2900
Memphis, TN 38103
rrosenkrantz@lewisthomason.com
Direct Line: (901) 577-6148
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was provided by email this the 21st day of May, 2026, and a copy of the entered order shall also be provided by certified mail and email:

Dr. Keyera Ibrahim
4137 Loch Meade Dr.
Lakeland, TN 38002
keyeraibrahim@yahoo.com
*Pro Se Plaintiff*

/s/ Ryan L. Rosenkrantz
Ryan L. Rosenkrantz

IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE

FILED
JAMITA E. SWEARENGEN
JUN 01 2026
CIRCUIT COURT CLERK
BY pp D.C.

KEYERA IBRAHIM, individually and as Parent and Next Friend of Minor Children D.I. (14), D.I. (8), D.I. (6), and D.I. (5),

Plaintiff,

V.

LAKELAND SCHOOL SYSTEM,

LAKELAND BOARD OF EDUCATION, and

TED HORRELL, in his official capacity as Superintendent,

Defendants.

Case No. CT-1185-26

Division VI

**SECOND AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF**

Plaintiff files this Second Amended Complaint to correct and complete prior pleadings, including clarification of the proper identification of Defendant Lakeland School System, previously referenced as Lakeland School District, and to clarify the full scope of relief sought, including declaratory, injunctive, and monetary relief, all arising from the same transactions and occurrences.

## I. PARTIES

1. Plaintiff, Keyera Ibrahim, is an adult resident of Shelby County, Tennessee and is the parent and legal guardian of the minor children D.I. (14), D.I. (8), D.I. (6), and D.I. (5).

2. Defendant, Lakeland School System (previously referenced as Lakeland School District), is a public school system responsible for providing public education to resident children within its jurisdiction in Shelby County, Tennessee.

3. Defendant, Lakeland Board of Education, is the governing body responsible for the policies, practices, and oversight of the Lakeland School System.

4. Defendant, Ted Horrell, is the Superintendent of Lakeland School System and is sued in his official capacity. At all relevant times, he acted under color of state law and was responsible for implementing and enforcing the policies and decisions at issue.

## II. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to Tennessee law and federal law, including 42 U.S.C. § 1983. Venue is proper in Shelby County, Tennessee.

## III. FACTUAL ALLEGATIONS

5. Plaintiff's children were enrolled in Lakeland School System beginning August 2023.

6. Plaintiff is a homeowner and resident of Lakeland, Tennessee.

7. On December 4, 2025, at approximately 8:15 a.m., Plaintiff had a brief interaction with another parent employed by the school system concerning issues related to her children. No criminal charges or findings resulted from this interaction.

8. At approximately 8:25 a.m. the same day, Plaintiff reported bullying involving a student connected to a school employee and requested that the school investigate the matter.

9. On December 6, 2025, Defendant Ted Horrell sent correspondence stating that Plaintiff was restricted from school property based on alleged code of conduct violations.

10. In the days that followed, Plaintiff received communications threatening arrest related to dropping off her children, despite having been given permission to do so.

11. Defendants' actions escalated beyond the initial restriction and were used to exert pressure on Plaintiff and her family, ultimately contributing to the removal of the minor children from enrollment under the asserted basis of residency.

12. Defendants initiated a residency investigation without identifying a factual basis.

13. Plaintiff attempted to provide documentation but was denied a meaningful opportunity to do so.

14. At least one minor child had an active Individualized Education Program (IEP), and another was undergoing evaluation for eligibility under applicable special education laws.

15. Defendants failed to adequately investigate or remediate the reported bullying and failed to ensure a safe educational environment.

16. On February 12, 2026, Defendants removed the children from school without adequate notice or opportunity to be heard.

17. Defendants' actions disrupted ongoing educational services and evaluations requiring continuity and procedural safeguards.

18. Plaintiff was denied re-enrollment despite providing documentation.

19. Defendants conducted an appeal without Plaintiff's participation.

20. Plaintiff sought judicial intervention through an Emergency Motion.

21. Only after court involvement did Defendants reenroll the children and restore services.

22. On April 7, 2026, this Court entered a Consent Order restoring enrollment and services.

23. The Consent Order addressed immediate restoration of enrollment and services but did not adjudicate liability, determine the legality of Defendants' conduct, or resolve Plaintiff's claims for damages and other relief.

24. Although enrollment and services were restored pursuant to the Consent Order, a live controversy remains regarding the legality of Defendants' conduct and Plaintiff's claims for compensatory damages, declaratory relief, injunctive relief, costs, attorney's fees where authorized by law, and such other relief as may be appropriate.

25. The sequence of events described herein is further reflected in contemporaneous written communications and records maintained by Plaintiff, which will be submitted as exhibits and demonstrate the temporal relationship between Plaintiff's protected activity and Defendants' actions.

26. As a result of Defendants' actions, the minor children experienced disruption of their education, interruption of established academic routines, and loss of educational opportunities during the period of exclusion from school.

27. The removal from enrollment disrupted ongoing educational services and evaluations, including services being provided and considered under applicable special education laws, thereby interfering with continuity of educational programming.

28. Plaintiff was required to devote substantial time and effort to communicating with school officials, responding to residency allegations, gathering and submitting documentation, seeking reinstatement of the children, and pursuing judicial intervention to restore educational access.

29. Plaintiff and the minor children experienced stress, anxiety, emotional distress, embarrassment, uncertainty, and mental anguish arising from the sudden removal from school, the threat of continued exclusion from public education, and the disruption of educational services.

30. Plaintiff incurred expenses, losses, and other damages associated with addressing Defendants' actions and securing restoration of the children's enrollment and educational services.

## IV. CLAIMS FOR RELIEF

### COUNT I – RETALIATION (42 U.S.C. § 1983)

31. Plaintiff realleges all prior paragraphs.

32. Plaintiff engaged in protected activity by reporting bullying and safety concerns.

33. Defendants were aware of this activity.

34. Shortly thereafter, Defendants took adverse action including removal from enrollment and escalation of enforcement actions.

35. The temporal proximity and surrounding circumstances support a reasonable inference of retaliatory motive.

36. Defendants acted under color of state law.

### COUNT II – VIOLATION OF CIVIL RIGHTS (DUE PROCESS, 42 U.S.C. § 1983)

37. Plaintiff realleges all prior paragraphs.

38. Plaintiff's minor children had a protected property interest in continued access to public education.

39. Defendants deprived Plaintiff of this interest without adequate notice or opportunity to be heard.

**COUNT III – DECLARATORY RELIEF**

40. Plaintiff realleges all prior paragraphs.

41. A declaration is necessary to determine the legality of Defendants' conduct and to resolve Plaintiff's claims for damages.

**COUNT IV – INJUNCTIVE RELIEF**

42. Plaintiff seeks injunctive relief to ensure continued compliance and prevent recurrence.

**COUNT V – DAMAGES**

43. Plaintiff realleges all prior paragraphs.

44. As a direct and proximate result of Defendants' conduct, Plaintiff and the minor children suffered damages, including but not limited to:

a. Educational disruption and loss of educational opportunities;

b. Interruption of educational services, evaluations, and supports;

c. Emotional distress, mental anguish, anxiety, embarrassment, and humiliation;

d. Time, expense, inconvenience, and effort incurred in responding to Defendants' actions and pursuing restoration of educational access;

e. Out-of-pocket expenses and related losses to be proven at trial; and

f. Other compensatory damages recoverable under applicable law.

45. Plaintiff is entitled to recover compensatory damages in an amount to be determined by the trier of fact.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests declaratory relief, injunctive relief, compensatory damages, costs, and such further relief as the Court deems appropriate:

A. Declare that Defendants' actions violated Plaintiff's and the minor children's rights;

B. Enter appropriate injunctive relief to prevent recurrence of the conduct described herein;

C. Award compensatory damages in an amount to be determined at trial;

D. Award reasonable attorney's fees and costs as permitted by law; including 42 U.S.C. §1988.

E. Award pre-judgment and post-judgment interest as allowed by law;

F. Grant such other and further relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

Keyera Ibrahim
Pro Se Plaintiff
4137 Loch Meade Dr.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon counsel for Defendants via email and certified mail on this _1_ day of _June_ 2026.

APPROVED FOR ENTRY:

_____*Keyera Ibrahim*____
Keyera Ibrahim, Pro Se
4137 Loch Meade Dr.
Lakeland, TN 38002

Attorneys for Defendant:

Katherine Kimmel (BPR #38320)
LEWIS THOMASON, P.C.
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
kkimmel@lewisthomason.com

Ryan L. Rosenkrantz (BPR #41320)
LEWIS THOMASON, P.C.
40 S. Main Street, Suite 2900
Memphis, TN 38103
rrosenkrantz@lewisthomason.com